IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MYERS, ROBERT G. NEALE, | ) | |
| MARK B. MUMLEY, and GREGORY PENN | ) | |
| | ) | |
| v. | ) | NO. 3:08-0295 |
| | ) | |
| TRANSCOR AMERICA, LLC, BILL BREES, | ) | |
| National Regional Director of | ) | |
| TransCor America, Inc., and JOHN DOE | ) | |
| GUARDS, similarly situated guards | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

Pursuant to the Order entered April 3, 2008 (Docket Entry No. 131), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the plaintiffs' motion for a protective order and a preliminary injunction (Docket Entry No. 12). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

This action was filed pro se and in forma pauperis in the United States District Court for the District of Vermont on June 5, 2007, by Michael Myers, Robert Neale, Mark Mumley, and Gregory Penn. Named as defendants are TransCor America, LLC ("TransCor"), Bill Brees, who was the

former National Regional Director of TransCor, and unnamed "John Doe" guards. At the time the complaint was filed, each of the plaintiffs was a prisoner of the Vermont Department of Corrections ("VDOC") but was incarcerated at the North Fork Correctional Facility ("North Fork") in Sayer, Oklahoma.

The plaintiffs were transported by Defendant TransCor to North Fork pursuant to a contract between the State of Vermont and Corrections Corporation of America, Inc. ("CCA"), a private business which operates and manages prison facilities nationwide, to house inmates of the VDOC at prison facilities in other states. The plaintiffs had each been transported by TransCor on at least one occasion between Vermont and prison facilities in other states and/or between prison facilities in states other than Vermont. The plaintiffs allege that their civil rights were violated because they were subjected to cruel and unusual punishment during their transportation based upon the manner in which they were transported. See Complaint (Docket Entry No. 11).[1]

By Order entered February 28, 2008 (Docket Entry No. 120), the United States District Court for the District of Vermont ("District of Vermont") transferred the action to the Middle District of Tennessee pursuant to 18 U.S.C. § 1406 on the ground that proper venue for the plaintiffs' claims is in Tennessee. See also Report and Recommendation entered January 24, 2008 (Docket Entry No. 117).

In their motion for a protective order and preliminary injunction, the plaintiffs argue that they will be subjected to similar unconstitutional acts if they are transported by TransCor in the future. They seek an injunction requiring TransCor "to provide a safe and secure transportation environment

---

[1] The specific allegations of the four individual plaintiffs are succinctly and accurately summarized in the Report and Recommendation issued January 24, 2008 (Docket Entry No. 117), in the District of Vermont and need not be repeated in full herein.

2

free from excessive use of force and unnecessary infliction of pain and suffering caused by the so called 'black box'." See Proposed Order (Docket Entry No. 12-4).

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiffs' request for a preliminary injunction, this Court must consider: (1) the plaintiffs' likelihood of prevailing on the merits of the case; (2) whether the plaintiffs will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Parker v. U.S. Department of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason County Medical Associates v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

At this stage of the proceedings, the plaintiffs' likelihood of success on their claims is no greater than that of the defendants. The plaintiffs have shown merely a possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v.

CAFCOMP Systems, 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the plaintiff.

The second factor also does not favor the plaintiffs because they have not shown that they will suffer irreparable harm if the injunctive relief requested is not granted. The plaintiffs request compensatory damages in this action, and if successful, the award of damages will adequately compensate them for any harm which they suffer. Their allegations do not show a risk of irreparable harm. Further, there is no evidence before the Court which shows that any of the plaintiffs will be transported by TransCor at any time in the immediate future.

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiffs have not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

The plaintiffs have failed to meet their burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. Overstreet v. Lexington-Fayette Urban County Govt., 305 F.3d 566, 573 (6th Cir. 2002).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiffs' motion for a protective order and preliminary injunction (Docket Entry No. 12) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection

is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                        Respectfully submitted,

                                        */s/ Juliet Griffin*
                                        JULIET GRIFFIN
                                        United States Magistrate Judge

5