IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MYERS, ROBERT G. NEALE, MARK B. MUMLEY, and GREGORY PENN | ) ) ) | |
| v. | ) ) | NO. 3:08-0295 |
| TRANSCOR AMERICA, LLC, BILL BREES, National Regional Director of TransCor America, Inc., and JOHN DOE GUARDS, similarly situated guards | ) ) ) ) | |

TO:   Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

Pursuant to the Order entered April 3, 2008 (Docket Entry No. 131), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court are several dispositive motions: the motion to dismiss of TransCor America, LLC, and Bill Brees (Docket Entry No. 81); the motion to dismiss of Defendant Bill Brees (Docket Entry No. 112); the supplemental motion to dismiss of Defendants TransCor America, LLC, and Bill Brees (Docket Entry No. 139); and the renewed motion to dismiss of Defendants TransCor America, LLC, and Bill Brees (Docket Entry No. 141). Set out below are the Court's recommendations for disposition of the motions.

# I. BACKGROUND

This action was filed pro se and in forma pauperis in the United States District Court for the District of Vermont on June 5, 2007, by Michael Myers, Robert Neale, Mark Mumley, and Gregory Penn. Named as defendants are TransCor America, LLC ("TransCor"),[1] Bill Brees, who was the former National Regional Director of TransCor, and unnamed "John Doe" guards. At the time the complaint was filed, each of the plaintiffs was a prisoner of the Vermont Department of Corrections ("VDOC") but were incarcerated at the North Fork Correctional Facility ("North Fork") in Sayer, Oklahoma.[2]

The plaintiffs were transported by TransCor to North Fork pursuant to a contract between the State of Vermont and Corrections Corporation of America, Inc. ("CCA"), a private business which operates and manages prison facilities nationwide and which is alleged to be the corporate owner of TransCor, to house inmates of the VDOC at prison facilities in other states. The plaintiffs had each been transported by TransCor on at least one occasion between Vermont and prison

---

1 The plaintiffs originally named the defendants as William Brus and TransCor America, Inc.

2 It appears that only plaintiff Neale remains incarcerated at North Fork. See Docket Entry No. 153.

Although the only address of record for plaintiff Penn is at North Fork, the most recent court mail sent to him at this address was returned as undeliverable with the notation "attempted not known." See Docket Entry No. 148. Plaintiff Neale has also indicated that plaintiff Penn is no longer at North Fork. See Docket Entry No. 153.

Plaintiff Myers is presently incarcerated at the Southern State Correctional Facility in Springfield, Vermont. See Docket Entry No. 156.

On July 19, 2007, plaintiff Mumley filed a change of address notice stating that he was incarcerated at the Lee Adjustment Center in Beattyville, Kentucky. See Docket Entry No. 69. However, the docket lists the address for plaintiff Mumley as S3 Main Street, General Delivery, Alburg, VT, although it is unclear why this address is listed and mail sent to this address has been returned as undeliverable. See Docket Entry No. 142.

By separate order, the Court has directed the Clerk to change the address for plaintiff Myers and Mumley to the Southern State Correctional Facility in Springfield, Vermont, and to the Lee Adjustment Center in Beattyville, Kentucky, respectively.

facilities in other states and/or between prison facilities in states other than Vermont. The trips at issue all occurred between 2003 and 2006. The plaintiffs assert claims under 42 U.S.C. § 1983, and claims under the Vermont Constitution, state law, and common law, alleging that their civil rights were violated because they were subjected to cruel and unusual punishment during their transportation, see Complaint (Docket Entry No. 11),[3] and their complaint sets out five distinct causes of action:

> 1. The defendants' use of "black-box restraints for extended periods of time" violates the Eighth Amendment and is an abuse of power. See Complaint (Docket Entry No. 11), at ¶ 178(a)-(c);
>
> 2. TransCor failed to adequately train and supervise its employees. Id. at ¶ 178(d);
>
> 3. TransCor's employees violated the plaintiffs' constitutional rights. Id. at ¶ 178(e);
>
> 4. TransCor's practice, policy, or custom of requiring full and total restraints despite clear indications that such restraints were causing pain, suffering, and other physical problems to the prisoners being transported is unconstitutional. Id. at ¶ 178(d);[4] and
>
> 5. The individual TransCor employees violated the plaintiffs' Eighth Amendment rights by their actions during the transportation trips. Id. at ¶ 178(e).[5]

Subsequent to the complaint being filed, numerous motions were filed by both parties. Additionally, pro se motions to intervene or join as plaintiffs in the action were filed by 68 prison inmates, each of whom alleges that he had also been transported by TransCor in a manner similar

---

[3] The specific allegations of the four individual plaintiffs are succinctly and accurately summarized in the Report and Recommendation issued January 24, 2008 (Docket Entry No. 117), in the District of Vermont and need not be repeated in full herein.

[4] The complaint contains two sections labeled as ¶ 178(d).

[5] The complaint contains two sections labeled as ¶ 178(e).

3

to that alleged by the plaintiffs. See Docket Entry Nos. 13-65, 68, 72-74, 80, 90, 94, 99-101, 104-106, 109, and 113.[6]

By Order entered February 28, 2008 (Docket Entry No. 120), the United States District Court for the District of Vermont ("District of Vermont") transferred the action to the Middle District of Tennessee pursuant to 18 U.S.C. § 1406 on the ground that proper venue for the plaintiffs' claims is in Tennessee. See also Report and Recommendation entered January 24, 2008 (Docket Entry No. 117). At the time of the transfer, several motions were pending:

> 1. the pro se motions to intervene or join as plaintiffs (Docket Entry Nos. 13-65, 68, 72-74, 80, 90, 94, 99-101, 104-106, and 109);
>
> 2. the plaintiffs' motion for a protective order and a preliminary injunction (Docket Entry No. 12);
>
> 3. the motion of plaintiff Myers for certification of a class action (Docket Entry No. 75);
>
> 4. the motion to dismiss of Defendants TransCor and Bill Brees in his official capacity (Docket Entry No. 81);
>
> 5. the motion to dismiss of Defendant Bill Brees in his individual capacity (Docket Entry No. 112);
>
> 6. the motion of plaintiff Mumley to amend (Docket Entry No. 115).

Subsequent to the transfer of the action to this District, several additional motions have been filed which are also currently pending:

> 7. the motion of attorney Steven Collier to withdraw (Docket Entry No. 121);
>
> 8. the supplemental motion to dismiss of Defendants TransCor and Bill Brees (Docket Entry No. 139);

---

6 The motions to intervene will be addressed in a separately entered order.

9. the renewed motion to dismiss of Defendants TransCor and Bill Brees (Docket Entry No. 141);

10. the motion for permissive joinder of Francis Martin (Docket Entry No. 154);

11. the motion to stay of Defendants TransCor and Bill Brees (Docket Entry No. 155); and

12. the motion of Plaintiff Myers for an extension of time to respond to defendants' renewed motion to dismiss and supplemental motion to dismiss (Docket Entry No. 156).

## II. MOTIONS TO DISMISS

The initial motion to dismiss (Docket Entry No. 81) was filed by Defendants Transcor and Bill Brees in only his official capacity. The defendants seek dismissal of the plaintiffs' Eighth Amendment claims on the ground that the plaintiffs failed to state claims upon which relief can be granted.[7] The defendants assert that the plaintiffs' complaints about the use of restraints during their transportation and their complaints about the uncomfortable manner of their transportation fail to rise to the level necessary for constitutional claims. The defendants further argue that the plaintiffs fail to set forth allegations which support constitutional claims against TransCor based upon theories of a failure to train its employees or of having policies which violate the Eighth Amendment. Defendant Brees joined this motion in his individual capacity by a separately filed motion to dismiss (Docket Entry No. 112). Subsequent to transfer of the action to this District, the defendants moved to renew (Docket Entry No. 141) their previously filed motion to dismiss.

---

7 The District of Vermont addressed the defendants' alternative argument that the action should be dismissed for improper venue but declined to address the other argument for dismissal raised by the defendants. See Report and Recommendation (Docket Entry No. 117), at 17; Order (Docket Entry No. 120).

5

Plaintiff Neale[8] filed a response in opposition to the original motion to dismiss prior to transfer of the action to this District, asserting that the allegations of the complaint are sufficient to state a claim upon which relief can be granted. See Docket Entry No. 91, at 13-19. By Order entered October 25, 2007 (Docket Entry No. 108), the District of Vermont granted the plaintiffs' motion for an extension of time to respond to the original motion to dismiss. However, no additional response was filed by the plaintiffs. On May 16, 2008, plaintiff Myers filed a motion (Docket Entry No. 156) for an extension of time to file a response to the motions to dismiss filed by the defendants.[9]

The defendants have also filed a supplemental motion to dismiss (Docket Entry No. 139) all or part of the claims of plaintiffs Myers, Neale, and Penn based on the statute of limitations. The defendants contend that, because this action was transferred to the Middle District of Tennessee, the one year statute of limitations applicable to Section 1983 claims arising in Tennessee applies to the plaintiffs' causes of action. The defendants assert that the instant action was filed on June 5, 2007, and, thus, any claims stemming from events occurring prior to June 5, 2006, were not timely filed and are barred by the statute of limitations.

Plaintiff Neale[10] has filed a response in opposition (Docket Entry No. 153) to the defendants' statute of limitations motion. Plaintiff Neale argues that the one year statute of limitations

---

[8] Although the response was submitted on behalf of all four plaintiffs, it was signed by only plaintiff Neale. The response addressed both the defendants' portion of the motion seeking transfer of venue and the portion of the motion seeking dismissal for failure to state a claim.

[9] By contemporaneously entered Order, the Court has denied the motion for an extension of time.

[10] Although the response was submitted on behalf of all four plaintiffs, it was signed by only plaintiff Neale.

6

applicable to claims arising in Tennessee should not apply since all of the plaintiffs remain prisoners within the custody of the VDOC. Plaintiff Neale further argues that, although the instant complaint was file-stamped on June 5, 2007, the complaint was submitted to prison officials for mailing on May 10, 2007. Pursuant to the "prison mailbox rule," plaintiff Neale contends that this date, not the later file-stamp date, should be deemed the filing date.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept

7

as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

## IV. ANALYSIS

A. Rule 12(b)(6) Motion To Dismiss[11]

The Court finds that the Motion to Dismiss should be granted as to the plaintiffs' claim against TransCor for having employees who are alleged to have violated the plaintiffs' constitutional rights (cause of action No. 3). It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior or vicarious liability. Monell v. Department of Social Serv., 436 U.S. 658, 691-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Street v. Corrections Corp. of America, 102 F.3d 810, 818 (6th Cir. 1996). TransCor cannot be liable under Section 1983 merely because one or more of its employees violated the plaintiffs' constitutional rights. Street, supra; Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994).

The Motion to Dismiss should also be granted as to all claims against Defendant Bill Brees. To the extent that Defendant Brees is named as a defendant in his official capacity, the claims against him are essentially claims against his former employer, TransCor, the entity for which he was an agent. See Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Because TransCor is directly named in the action, there is no reason to maintain official capacity

---

11 The motion to dismiss filed by defendant Brees in his individual capacity (Docket Entry No. 112) and the defendants' renewed motion to dismiss (Docket Entry No. 141), both rely entirely upon the arguments for dismissal made in the initial motion to dismiss (Docket Entry No. 81). As such, the Court refers to defendants' collective motions as the "Motion to Dismiss."

8

claims against Defendant Brees. To the extent that Defendant Brees is named in his individual capacity, the plaintiffs must allege facts which show that Defendant Brees was somehow personally involved in the unconstitutional activity alleged to have occurred. See Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir. 1982). The complaint contains absolutely no factual allegations against Defendant Brees.

With respect to the plaintiffs' three other claims (causes of action Nos. 1, 2, and 4) against TransCor, however, the Court finds that the allegations in the complaint are sufficient to state claims under Section 1983[12] upon which relief can be granted and are sufficient to defeat the Motion to Dismiss as to these claims.

Each of the plaintiffs allege that they were kept in immobilizing restraints for periods of time of up to 56 straight hours, that handcuffs and leg shackles were placed on them in a manner which was so tight that it caused the plaintiffs to suffer pain, swelling, numbness, bleeding, and discoloration in their extremities, and that these restraints were not adjusted by the transport officers despite repeated complaints from the plaintiffs and despite the fact that the severe swelling and other consequences of the overly tight restraints were obvious and visible. The plaintiffs also allege that it took several days for them to recover from the pain and injuries they suffered, and plaintiff Neale alleges that he suffered a heart problem shortly after the conclusion of one of his trips, which he attributes to the physical and emotional stress he suffered while being transported. Id. at ¶ 112.

Given the standard of review to be applied to a motion to dismiss brought under Rule 12(b)(6), the plaintiffs' allegations are sufficient to state a claim that their Eighth Amendment

---

12 Defendant TransCor apparently concedes that it is a state actor for the purposes of Section 1983, having not raised a contrary argument in its motion to dismiss.

9

rights were violated. The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain," including inflictions of pain that "are totally without penological justification." Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (citations and internal quotation marks omitted). Additionally and more specifically, evidence that handcuffs or other restraints were placed on a prisoner in a manner which was excessively tight has been found to support a constitutional claim. See Burchett v. Kiefer, 310 F.3d 937, 944-45 (6th Cir. 2002); Kostrzewa v. City of Troy, 247 F.3d 633, 641 (6th Cir. 2001); Martin v. Heideman, 106 F.3d 1308, 1310, 1313 (6th Cir. 1997).

In ruling on the Rule 12(b)(6) motion, the Court must determine only whether the plaintiffs are "entitled to offer evidence to support the claims," not whether the plaintiffs can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514.

There may be evidence of legitimate, penological reasons which support the conduct alleged by the plaintiffs to have occurred during their transportation trips. However, that evidence is not before the Court within the stance of the Rule 12(b)(6) Motion to Dismiss. Nor can the Court disbelieve the plaintiffs' factual allegations at this point or accept only the interpretation of the facts presented by the defendants. For example, TransCor contends that a lack of wantonness is evidenced by the facts, as conceded by the plaintiffs in their complaint, that transportation officers visually inspected the handcuffs and facilitated medical review when the plaintiffs arrived at their

10

locations. See Defendants' Memorandum in Support (Docket Entry No. 81-1), at 21. The plaintiffs, however, contend that the transportation officers' visual inspections of the handcuffs were cursory if they occurred at all, and that the wanton and indifferent mindset of the transportation officers is evidenced by their comments to the plaintiffs such as "toughen up," "I hear this complaint all the time," "there's no painless process on TransCor and you just need to deal with it," "You are OK," "We don't have time for this," "you will be fine," "shut up and quit aggrivating (sic) people," and "You're not in Vermont anymore. CCA has ways of dealing with you yankees." See Complaint, at ¶¶ 47, 58, 63, 69, 95, and 121. Whether TransCor employees acted wantonly or whether they acted in a good faith effort to ensure safety and security during the transportation of the plaintiffs is a matter which cannot be determined in favor of the defendants in ruling upon the Motion to Dismiss.

Further, the Court does not agree that the obvious and legitimate penological need for safety and security during the transportation of prison inmates necessarily renders the plaintiffs unable to state a constitutional claim or that this case warrants dismissal because similar complaints made by inmates in other cases have been dismissed. Whether use of the "black box" is constitutionally acceptable in this case and whether the allegations made by these four plaintiffs ultimately are supported by evidence raising constitutional concerns or are rebutted by evidence and argument presented by the defendants are matters which will be determined later based on the facts before the Court in this action.

The majority of the cases upon which the defendants rely in which prisoner complaints about being restrained through use of the "black box" or during transportation trips were decided in the context of a motion for summary judgment or after an evidentiary hearing had been held. See Lewis

11

v. Johnson, 87 Fed.Appx. 378 (5th Cir. Feb. 17, 2004) (unpublished); Bond v. Akiss, 1994 WL 532920, 37 F.3d 1498 (6th Cir. Sept. 20, 1994) (unpublished); Knox v. McGinnis, 988 F.2d 1405 (7th Cir. 1993); Moody v. Proctor, 986 F.2d 239 (8th Cir. 1993); Fulford v. King, 692 F.2d 11 (5th Cir. 1982); Jensen v. Jorgenson, 2005 WL 2412379 (D.S.D. Sept. 29, 2005) (unpublished). Accordingly, those cases are distinguishable because the evidentiary basis for the plaintiffs' claims in those actions was tested. To the extent that the defendants rely upon unpublished cases in which prisoner complaints were dismissed upon review under 28 U.S.C. § 1915, the Court finds that those cases are of no precedential value and are limited to the facts in those actions.

Further, the Court does not agree with the defendants' argument that the plaintiffs fail to make allegations sufficient to satisfy the objective component of an Eighth Amendment claim. While the Court certainly accepts as a truism that routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," Rhodes, 452 U.S. at 347, the Court finds that the plaintiffs have done more than merely complain about being uncomfortable and about minor physical suffering that fails to rise to the level necessary for a constitutional claim. The plaintiffs' allegations, which must be taken as true at this point, are sufficient to defeat the Motion to Dismiss. For example, the plaintiffs allege that they suffered excruciating pain for lengthy periods of time while restrained and that the swelling of their feet and hands due to the restraints was extreme. See Complaint, at ¶¶ 55-61, 63-84, 96-106, 119-129, 133, and 167-170.

As to the culpability of TransCor for the alleged wrongdoings, TransCor's liability is akin to that of a municipal entity and TransCor may only be liable where the constitutional violations at issue resulted from a policy or custom. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); Monell, 436 U.S. at 694; Thomas v. City of Chattanooga,

12

398 F.3d 426, 429 (6th Cir. 2005). To prove the existence of a policy or custom, the plaintiffs may rely on such evidence as "(1) [TransCor's] enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." Thomas, 398 F.3d at 429.

The plaintiffs allege that comments made by TransCor transportation officers suggest that the manner of the restraints, the tightness of the restraints, and their refusal to loosen any restraints were mandated by TransCor's policies. See Complaint, at ¶¶ 24, 47, 75, 121, 149, 156, 163, and 170. Such allegations are sufficient to state the plaintiffs' claims that liability for the constitutional violations lies with TransCor either: 1) through the use of policies or regularly followed practices or customs which led to unconstitutional conduct; and/or 2) through a failure to train its employees to follow constitutionally adequate policies. In the Court's view, the plaintiffs have not added these causes of action merely in an unwarranted attempt to bring a corporate defendant into the action. Despite the defendants' arguments to the contrary, the allegations, at this point, are sufficient to state a constitutional claim based upon these theories and are not so conclusory, vague, or ambiguous that the claims warrant dismissal under Rule 12(b)(6). See Petty v. County of Franklin, Ohio, 478 F.3d 341, 348-50 (6th Cir. 2007) (noting difference between Rule 12(b)(6) challenge to the pleadings of a complaint alleging a municipal liability claim and a Rule 56 challenge to the evidence supporting such a claim).

B. Statute of Limitations Motion

The defendants' supplemental motion to dismiss (Docket Entry No. 139) should be granted in part and denied in part.

13

Case 3:08-cv-00295   Document 166   Filed 02/10/09   Page 13 of 17 PageID #: 1373

This action was transferred to this District from the District of Vermont pursuant to 28 U.S.C. § 1406(a). See Docket Entry No. 117, at 12. Following a transfer under 28 U.S.C. § 1406(a), the transferee court should apply the law which would be applicable had the action been commenced in that court. See Adam v. J.B. Hunt Transport, Inc., 130 F.3d 219, 230 (6th Cir. 1997); Martin v. Stokes, 623 F.2d 469, 472 (6th Cir. 1980). Accordingly, this action is controlled by the law which would apply if the action had been filed in the first instance in this District.

The applicable statute of limitations for claims brought under 42 U.S.C. § 1983 in this District is the one year limitations period for personal injury actions in Tennessee as set out in Tenn. Code Ann. § 28-3-104(a). See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986).

The question of when the statute of limitations begins to run is determined by federal law. See Wilson v. Garcia, 471 U.S. 261, 268-71, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The general rule for accrual of a claim is that the statute of limitations begins to run when the plaintiff knew or should have known of the injury which forms the basis of his claim. Kelly v. Burks, 415 F.3d 558, 561 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). In the instant case, the plaintiffs causes of action were apparent to them at the time they were transported by TransCor and, thus, the statute of limitations was triggered at the time of each plaintiff's particular transportation. Thus, each plaintiff had a year from a particular transportation trip within which to bring a claim based upon the events of that particular trip.

The defendants assert that the instant action was filed on June 5, 2007, as evidenced by the file-stamp on the complaint, see Docket Entry No. 11, and that any claims based on events occurring more than one year prior to June 5, 2006, are barred by the statute of limitations.

14

Defendants' argument incorrectly relies on the June 5, 2007, date when the complaint was filed-stamped as the date when the complaint was filed for the purposes of the statute of limitations. Documents filed by prisoners are deemed to have been filed on the date that the envelope in which those documents are mailed to the district court is stamped as having been delivered to the prison mail room. See Richard v. Ray, 290 F.3d 810, 813 (6th Cir. 2002).

In the instant action, the record does not reveal on what day the complaint was delivered to prison officials. The complaint is dated by the plaintiffs on May 9, 2007. See Docket Entry No. 11-1, at 44. The case file transferred from the District of Vermont to this District does not contain a mailing envelope, which would bear a postmark or possibly a date of delivery to prison officials. Although the complaint was filed-stamped on June 5, 2007, the plaintiffs' applications to proceed in forma pauperis have a file-stamp of May 29, 2007. See Docket Entry Nos. 1, 3, 5, and 7.

The above facts lead to the conclusion that the instant action must have been delivered to prison officials at some point between May 9, 2007, and May 29, 2007. In his response in opposition to the defendants' motion to dismiss, plaintiff Neale states that the complaint was given to prison officials for mailing on or about May 10, 2007. See Docket Entry No. 153, at ¶¶ 6 and 17.

Given the uncertainty of the record on the issue of when the complaint was delivered to prison officials for mailing and in the interest of justice in not dismissing claims on statute of limitations grounds which may subsequently be shown to have been timely filed, the Court shall use the date of May 10, 2007, as the date the complaint was filed for the purposes of the statute of limitations.[13]

---

13 If the defendants are able to locate prison records which more definitively show the date when the complaint was given to prison officials at North Fork for mailing, they will have the opportunity to present this evidence via objections to this Report and Recommendation and to argue

15

Accordingly, claims in the action based on transportation trips occurring prior to May 10, 2006, are barred by the statute of limitations because they were untimely filed. Review of the complaint indicates that the complaint is untimely as to transportation trips involving plaintiff Myers on June 5 and September 22, 2005, see Complaint, at ¶ 19(a)-(b), and plaintiff Penn in September 2003, January 2004, March 2004, and May 2005. Id. at ¶ 136(a)-(d).[14]

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss of TransCor America, LLC, and Bill Brees (Docket Entry No. 81); the motion to dismiss of Defendant Bill Brees (Docket Entry No. 112); and the renewed motion to dismiss of Defendants TransCor America, LLC, and Bill Brees (Docket Entry No. 141):

a) be GRANTED as to all claims against Bill Brees and that Defendant Brees be DISMISSED from the action;

b) be GRANTED as to the respondent superior cause of action against TransCor (cause of action No. 3); and

c) be DENIED in all other respects.

The Court also respectfully RECOMMENDS that the supplemental motion to dismiss of Defendants TransCor America, LLC, and Bill Brees (Docket Entry No. 139):

a) be GRANTED as to all claims arising prior to May 10, 2006; and

---

that some of the trips alleged to have occurred in May 2006, are barred by the applicable statute of limitations.

14 Plaintiff Penn alleges that he was also transported in May of 2006, without giving a specific date. TransCor may renew its motion to dismiss any claim of plaintiff Penn occurring prior to May 10, 2006, if it can establish the date of such transportation.

16

     b) be DENIED in all other respects.

    ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge