IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MYERS, ROBERT G. NEALE, | ) | |
| MARK B. MUMLEY, and GREGORY PENN | ) | |
| | ) | |
| v. | ) | NO. 3:08-0295 |
| | ) | |
| TRANSCOR AMERICA, LLC, BILL BREES, | ) | |
| National Regional Director of | ) | |
| TransCor America, Inc., and JOHN DOE | ) | |
| GUARDS, similarly situated guards | ) | |

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pursuant to the Order entered April 3, 2008 (Docket Entry No. 131), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is plaintiff Myers' motion for class certification (Docket Entry No. 75). Set out below is the Court's recommendation for disposition of the motion.

### I. BACKGROUND

This action was filed pro se and in forma pauperis in the United States District Court for the District of Vermont on June 5, 2007, by Michael Myers, Robert Neale, Mark Mumley, and Gregory Penn. Named as defendants are TransCor America, LLC ("TransCor"), Bill Brees, who was the former National Regional Director of TransCor, and unnamed "John Doe" guards. At the time the

complaint was filed, each of the plaintiffs was a prisoner of the Vermont Department of Corrections ("VDOC") but was incarcerated at the North Fork Correctional Facility ("North Fork") in Sayer, Oklahoma.[1]

The plaintiffs were transported by TransCor to North Fork pursuant to a contract between Corrections Corporation of America, Inc. ("CCA"), a private business which operates and manages prison facilities nationwide and which is alleged to be the corporate owner of TransCor, and the State of Vermont to house inmates of the VDOC at prison facilities in other states. The plaintiffs had each been transported by TransCor on at least one occasion between Vermont and prison facilities in other states and/or between prison facilities in states other than Vermont. The plaintiffs assert claims under 42 U.S.C. § 1983, and claims under the Vermont Constitution, state law, and common law, alleging that their civil rights were violated because they were subjected to cruel and unusual punishment during their transportation based upon the manner in which they were transported. See Complaint (Docket Entry No. 11).[2] The plaintiffs set out five distinct causes of action in their complaint:

> 1. The defendants' use of "black-box restraints for extended periods of time" violates the Eighth Amendment and is an abuse of power;
>
> 2. TransCor failed to adequately train and supervise its employees;
>
> 3. TransCor's employees violated the plaintiffs' constitutional rights;

---

[1] It appears that only plaintiff Neale remains incarcerated at North Fork and that plaintiffs Myers and Mumley are incarcerated in other facilities. See Docket Entry Nos. 69, 153, and 156. The current location of plaintiff Penn is unknown. See Docket Entry No. 148.

[2] The specific allegations of the four individual plaintiffs are succinctly and accurately summarized in the Report and Recommendation issued January 24, 2008 (Docket Entry No. 117), in the District of Vermont and need not be repeated in full herein.

> 4. TransCor's practice, policy, or custom of requiring full and total restraints despite clear indications that such restraints were causing pain, suffering, and other physical problems to the prisoners being transported is unconstitutional; and
>
> 5. The individual TransCor employees violated the plaintiffs' Eighth Amendment rights by their actions during the transportation trips.

See Complaint (Docket Entry No. 11), at ¶ 178.

Subsequent to the complaint being filed, pro se motions to intervene or join as plaintiffs in the action were filed by 68 prison inmates, each of whom alleges that he had also been transported by TransCor in a manner similar to that alleged by the plaintiffs. By Order entered February 28, 2008 (Docket Entry No. 120), the United States District Court for the District of Vermont ("District of Vermont") transferred the action to the Middle District of Tennessee pursuant to 18 U.S.C. § 1406 on the ground that proper venue for the plaintiffs' claims is in Tennessee. See also Report and Recommendation entered January 24, 2008 (Docket Entry No. 117).

At the time the action was transferred, several motions remained pending, including the pro se motions to intervene or join as plaintiffs (Docket Entry Nos. 13-65, 68, 72-74, 80, 90, 94, 99-101, 104-106, and 109), the plaintiffs' motion for a protective order and a preliminary injunction (Docket Entry No. 12), and two motions to dismiss (Docket Entry Nos. 81 and 112). Subsequent to the transfer of the action, several defendants filed a supplemental motion to dismiss and a renewed motion to dismiss (Docket Entry Nos. 139 and 141).[3]

---

[3] By contemporaneously entered Reports and Recommendations, the Magistrate Judge has recommended that the motion for a preliminary injunction be denied and that the defendants' several motions to dismiss be granted in part and denied in part.

3

Plaintiff Myers[4] moves the Court to certify the action as a class action pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

The motion should be denied. Under Rule 23(a) of the Federal Rules of Civil Procedure, four prerequisites must exist for any class to be certified: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to fairly and adequately protect the interests of the class. Stout v. J.D. Byrider, 228 F.3d 709, 716-17 (6th Cir. 2000), cert. denied, 531 U.S. 1148, 121 S.Ct. 1088, 148 L.Ed.2d 963 (2001).

In this case, even if plaintiff Myers could satisfy the numerosity, typicality, and commonality requirements of Rule 23,[5] he is not a proper representative of the class in light of the Sixth Circuit's established rule that pro se parties are not proper representatives of a class. Palasty v. Hawk, 15 Fed.Appx. 197, 2001 WL 857209 (6th Cir. June 20, 2001) (unpublished); Howard v. Dougan, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000) (unpublished); Hammond v. O'Dea, 932 F.2d 968, 1991 WL 78161 (6th Cir. May 14, 1991) (unpublished); See also Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

---

[4] Although the motion was submitted on behalf of all four plaintiffs, it was signed by only plaintiff Myers.

[5] Given the dispositive nature of the plaintiff's failure to satisfy the requirement of Rule 23(a)(4), the Court has not specifically addressed the three other requirements of Rule 23(a).

4

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the motion of plaintiff Myers for class certification (Docket Entry No. 75) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge