IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MYERS, ROBERT G. NEALE, MARK B. MUMLEY, and GREGORY PENN, <br><br>    Plaintiffs, <br><br> v. <br><br> TRANSCOR AMERICA, LLC, BILL BREES, National Regional Director of TransCor America, Inc., and JOE DOE GUARDS, similarly situated guards, <br><br>    Defendants. | Case No. 3:08-cv-0295 <br> Judge Trauger |

## MEMORANDUM AND ORDER

On February 10, 2009, the Magistrate Judge issued a Report and Recommendation (Docket No. 167), in which she recommended that this court deny the pending motion to certify this matter as a class action. Prospective joining plaintiff Bernard Carter and plaintiff Robert G. Neale have filed objections to the Report and Recommendation (Dockets Nos. 175 & 179), to which the defendants have responded (Docket No. 190).

I.  Background

This action was filed *pro se* and *in forma pauperis* by the plaintiffs Michael Myers, Robert G. Neale, Mark B. Mumley, and Gregory Penn in the United States District Court for the District of Vermont. The case was subsequently transferred to the Middle District of Tennessee.

At the time the Complaint was filed, each of the plaintiffs was a prisoner of the Vermont Department of Corrections but was incarcerated at the North Fork Correctional Facility in Sayer,

1

Oklahoma. The plaintiffs assert claims under 42 U.S.C. § 1983, the constitution of the state of Vermont, state law, and common law, alleging that their civil rights were violated in that they were subject to cruel and unusual punishment during their transportation from Vermont to Oklahoma based on the manner in which they were transported. Sixty-eight additional inmates have filed *pro se* motions to intervene or join as plaintiffs to this action.

Now pending is a motion filed by the plaintiff Michael Myers[1] to certify the action as a class action pursuant to Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure. In the Report and Recommendation, the Magistrate Judge recommended that this court deny that motion on the grounds that Myers is not a proper class representative in light of the Sixth Circuit's established rule that *pro se* parties are not proper representatives. Plaintiff Neale has filed objections to the Report and Recommendation, as has prospective joiner Carter.[2]

## II. Discussion

Rule 23 of the Federal Rules of Civil Procedure provides certain prerequisites for the certification of a class, including the requirements that (1) the class is so numerous that joinder is impracticable; (2) there exist common questions of law or fact among the class members; (3) the claims or defenses of the class representative are typical of those of the class; and (4) the class representative fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a). The Magistrate Judge recommended that the pending motion be denied because Myers, as a *pro se*

---

[1] Although submitted on behalf of all four plaintiffs, the motion was signed only by Myers.

[2] Although plaintiff Mumley also has filed a document captioned "Objection to Recommendation" (Docket No. 192), the arguments he makes therein do not address the Magistrate's Report and Recommendation nor the issue of class certification generally.

2

plaintiff, is not a proper representative of the class. The Magistrate Judge's Report and Recommendation did not address the other requirements for class certification under Rule 23.

Sixth Circuit law provides, in no uncertain terms, that *pro se* prisoners are unable to represent a class. *Palasty v. Hawk*, 15 Fed. Appx. 197, 199 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Hammond v. O'Dea*, No. 91-5089, 1991 WL 78161, at *2 (6th Cir. May 14, 1991); *Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003); *Inmates, Washinton County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

The plaintiff Neale and the prospective joiner Carter object to the Magistrate Judge's recommendation on the grounds that Rule 23(g) requires the appointment of class counsel, and that the rule prohibiting a *pro se* plaintiff from serving as a class representative thus creates a "Catch 22."[3] First, it is doubtful as to whether Neale or Carter are even the appropriate individuals to voice objections to the Report and Recommendation, as neither of them moved to certify a class in the first instance. Instead, that motion was made by plaintiff Myers, who has not filed any objections to the Report and Recommendation. Moreover, even if Neale and Carter are in the position properly to object to the Report and Recommendation, their argument fails, as it is based on a misconception of Rule 23(g), which provides for the appointment of counsel to represent a class, chosen from among counsel involved in the litigation on behalf of individual members of the class. It does not, as Neale and Carter argue, provide a right to class counsel for an indigent plaintiff or prospective joiner. *Blosser v. Land*, No. 2:07-CV-11781, 2008 WL

---

[3]Simultaneous with filing their objections to the Report and Recommendation, both Neale and Carter filed motions to appoint counsel (Docket Nos. 174 & 178), which are currently pending before Magistrate Judge Griffin.

795748, at *6 (E.D. Mich. Mar. 25, 2008) (holding that Rule 23(g) "do[es] not authorize the appointment of an attorney to represent an indigent plaintiff seeking to certify a class" but, rather, "merely provide[s] for the appointment of a single attorney (or group of attorneys) to function as class counsel, drawn from the pool of attorneys already involved in the litigation"); *see also Day v. Wall*, No. CA 08-094 ML, 2008 WL 4773054, at *2 (D.R.I. Oct. 30, 2008) ("Federal Rule 23(g) instructs federal courts that have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed class.").

**III. Conclusion**

For the reasons discussed herein, the Report and Recommendation is hereby **ACCEPTED**, and the Motion for Class Certification filed by the plaintiff Michael Myers (Docket No. 75) is **DENIED**.

It is so Ordered.

Entered this 23rd day of March 2009.

_____
ALETA A. TRAUGER
United States District Judge