IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MICHAEL MYERS, ROBERT G. NEALE       )
MARK B. MUMLEY, and GREGORY PENN     )
                                     )
      v.                             )          NO. 3:08-0295
                                     )
TRANSCOR AMERICA, LLC                )


TO:    Honorable Aleta A. Trauger, District Judge



# R E P O R T   A N D   R E C O M M E N D A T I O N

Pursuant to the Order entered April 3, 2008 (Docket Entry No. 131), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court are the motion for summary judgment of Defendant TransCor America, LLC (Docket Entry No. 331), to which Plaintiff Robert Neale has filed a response in opposition (Docket Entry Nos. 383-392). Also before the Court is Defendant Transcor's reply (Docket Entry Nos. 408-410) and Plaintiff Neale's sur-reply (Docket Entry No. 425). Additionally, Plaintiff Michael Myers has filed a motion (Docket Entry No. 406) to have his claims dismissed from the action. Set out below are the Court's recommendations for disposition of the motions.

# I. BACKGROUND

This action was originally filed in the United States District Court for the District of Vermont ("District of Vermont") on June 5, 2007, as a <u>pro se</u> and <u>in forma pauperis</u> action by Plaintiffs Michael Myers, Robert Neale, Mark Mumley, and Gregory Penn.[1] Each plaintiff was a prisoner of the Vermont Department of Corrections ("VDOC"). The State of Vermont had contracted with Corrections Corporation of America, Inc. ("CCA"), a private business which operates prison facilities, to transport and house VDOC prisoner in prison facilities in other states. In accordance with this policy, between 2003 and 2006,[2] each plaintiff was transported to and between prison facilities in other states by TransCor America, LLC ("TransCor"), a private prison transportation company.

In a lengthy complaint (Docket Entry No. 11 and 11-1), the plaintiffs assert claims under 42 U.S.C. § 1983 and under state law alleging that they were mistreated and suffer inhumane conditions during their transportation. <u>See</u> Complaint, at ¶ 178. They allege that they were kept in immobilizing restraints -- handcuffs, leg irons, a belly chain, and a "black box,"[3] -- for periods of up to 56 straight hours, that the restraints caused them to suffered pain, swelling, numbness, bleeding, and discoloration in their extremities, and that the restraints were not adjusted or loosened

---

1. By Order entered February 28, 2008 (Docket Entry No. 120), the District of Vermont transferred the action to this District pursuant to 18 U.S.C. § 1406. <u>See also</u> Report and Recommendation entered January 24, 2008 (Docket Entry No. 117). By Order entered January 4, 2010 (Docket Entry No. 344), Plaintiff Neale's motion to change venue and transfer the action back to the District of Vermont was denied.

2. Some or all of the plaintiffs were also transported subsequent to 2006, but only those transport trips occurring between 2003 and 2006 are a part of this action.

3. The "black box" is a solid mechanism placed over the keyhole of handcuffs when an inmate's hands are handcuffed together. <u>See</u> Affidavit of Elceria Smith (Docket Entry No. 336), at ¶ 16.

2

by the transport officers despite repeated complaints from the plaintiffs and despite the fact that the severe swelling and other consequences of the restraints were obvious and visible. They also assert that they were required to remain seated for long periods of time, were given infrequent restroom breaks and meals, and that the conditions in the transport vans were too hot or too cold, noisy, and unclean. The plaintiffs contend that it took several days for them to recover from the pain and injuries they suffered and that little or no attention was given to their medical needs during their trips.[4] They further allege that TransCor employees ignored their repeated complaints and taunted them.[5]

Named as defendants in the Complaint are TransCor, Bill Brees, who was the former National Regional Director of TransCor, and unnamed "John Doe" guards. The plaintiffs seek compensatory and punitive damages, as well as declarative and injunctive relief. See Docket Entry No. 11-1, at 18-21.

As the result of pretrial activity in this District, the Court dismissed Bill Brees, all respondeat superior claims against Defendant TransCor, and all claims arising prior to May 10, 2006. See Order entered March 10, 2009 (Docket Entry No. 233). The defendants' motions to dismiss were denied in all other respects because the plaintiffs had alleged sufficient facts to state arguable constitutional claims for relief against TransCor under Section 1983. The following causes of action set out in the Complaint survived the motions to dismiss:

---

4. Plaintiff Neale also alleges that he suffered a myocardial infarction within a few days after one of his transport trips. See Complaint, at ¶ 112.

5. The specific allegations of the individual plaintiffs are summarized in the Report and Recommendation issued January 24, 2008 (Docket Entry No. 117), and need not be repeated in full herein.

3

1. The plaintiffs' claim that the defendants' use of "black-box restraints for extended periods of time" violates the Eighth Amendment and is an abuse of power. <u>See</u> Complaint (Docket Entry No. 11), at ¶ 178(a)-(c);

2. The plaintiffs' claim that TransCor failed to adequately train and supervise its employees. <u>Id</u>. at ¶ 178(d); and

3. The plaintiffs' claims that TransCor's practice, policy, or custom of requiring full and total restraints, despite clear indications that such restraints were causing pain, suffering, and other physical problems to the prisoners being transported, is unconstitutional. <u>Id</u>. at ¶ 178(d).[6]

<u>See</u> Report and Recommendation (Docket Entry No. 166), at 9.

The Court denied motions to intervene or join as plaintiffs filed by 69 prison inmates, <u>see</u> Order entered March 12, 2009 (Docket Entry No. 243), denied the motion of Plaintiff Michael Myers for class certification, <u>see</u> Order entered March 23, 2009 (Docket Entry No. 259), and denied as futile the motion of Plaintiff Neale to amend the Complaint to add individual TransCor employees as defendants. <u>See</u> Order entered January 19, 2010 (Docket Entry No. 355). Defendant TransCor answered the complaint (Docket Entry No. 284), and a scheduling order (Docket Entry No. 293) was entered to facilitate pretrial activity in the action. There is no trial date currently set in the action.

## II. THE TRANSPORT TRIPS AT ISSUE

Plaintiff Myers was transported by TransCor on three occasions. From June 5, 2006, through June 6, 2006, he was transported from the West Tennessee Detention Facility ("West Tennessee") in Mason, Tennessee, to the Lee Adjustment Center in Beattyville, Kentucky. <u>See</u> Affidavit of Jack Granderson (Docket Entry No. 334), at ¶ 4. From October 17, 2006, through October 18, 2006, he was transported from the Lee Adjustment Center to the Southern State Correctional Facility

---

6. The complaint contains two sections labeled as ¶ 178(d).

4

("Southern State") in Springfield, Vermont.  Id. ¶ 5.  From December 20, 2006, through December 22, 2006, he was transported from Southern State to the North Fork Correctional Facility ("North Fork") in Sayre, Oklahoma.  Id. at ¶ 7.

Plaintiff Neale was transported by TransCor on two occasions.  From May 17, 2006, through May 18, 2006, he was transported from Southern State to West Tennessee.  Id. at ¶ 3.  From May 25, 2006, through May 26, 2006, he was transported from West Tennessee to North Fork.  See Affidavit of Paul Martinez (Docket Entry No. 335), at ¶ 4.

Plaintiff Penn was transported by TransCor on one occasion.  From May 24, 2006, through May 25, 2006, he was transported from West Tennessee to North Fork.  Id. at ¶ 3.

Plaintiff Mumley was transported by TransCor on two occasions.  From December 7, 2006, through December 8, 2006, he was transported from Southern State to the Lee Adjustment Center.  See Affidavit of Granderson, at ¶ 6.  From December 21, 2006, through December 22, 2006, he was transported from the Lee Adjustment Center to North Fork.  Id. at ¶ 7.


### III. MOTION TO DISMISS OF PLAINTIFF MYERS

Plaintiff Myers seeks to dismiss "all counts of his complaint as referenced above that pertains to and directly effect (sic) Plaintiff Myers stake in the action."  See Docket Entry No. 406, at 1.  Myers asserts that he has lost all of his legal materials while incarcerated and that the circumstances of his incarceration render him unable to continue to prosecute his claims.  Id. at 2.  The Defendant has not responded to the motion to dismiss.

Because the Defendant filed an answer to the Complaint prior to the date Plaintiff Myer filed his motion to dismiss, review of the motion is controlled by Rule 41(a)(2) of the Federal Rules of

Civil Procedure. Rule 41(a)(2) provides that, if an answer has been filed prior to the plaintiff's request for voluntary dismissal, "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless the court states otherwise in its order dismissing the case. Id. The purpose of Rule 41(a)(2) is to protect the nonmovant from unfair treatment. See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009).

In the instant action, the Court finds that Plaintiff Myer's claims should be dismissed as requested by Myers but that such dismissal should be with prejudice because to dismiss the claims without prejudice at this point in the proceedings would cause the Defendant to suffer plain legal prejudice. In determining whether the Defendant will suffer plain legal prejudice, the Court should consider such factors as the Defendant's effort and expense of pretrial preparation, excessive delay and lack of diligence on the part of Plaintiff Myers in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the Defendant. See Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994).

Although there is no evidence of excessive delay or a lack of diligence by Plaintiff Myers, the remaining factors weigh in favor of requiring the dismissal to be with prejudice. Pretrial proceedings in the action have been extensive and the Defendant has engaged in substantial preparation in the defense of the claims brought against it, including filing a motion for summary judgment seeking dismissal of all claims which are pending before the Court. Finally, Plaintiff Myers has not shown any cause for why his request for dismissal should be without prejudice. In fact, in his motion Plaintiff Myers did not address whether his claims should be dismissed with or

6

without prejudice. Dismissal of the claims of Plaintiff Myers with prejudice is appropriate in light of these factors.


## IV. MOTION FOR SUMMARY JUDGMENT OF DEFENDANT TRANSCOR

Defendant TransCor contends that summary judgment is appropriate on five separate grounds: (1) Plaintiffs' claims regarding the transport vehicles and meals provided during transport should be dismissed because they fail to state constitutional violations; (2) Plaintiffs' Eighth Amendment claims should be dismissed because Plaintiffs have presented no substantiated factual grounds to support these claims; (3) Plaintiffs' Eighth Amendment claims should be dismissed because TransCor was not deliberately indifferent; (4) Plaintiffs' Eighth Amendment claims should be dismissed because Plaintiffs cannot hold TransCor liable on a respondeat superior theory; and (5) Plaintiffs' Eighth Amendment claims should be dismissed because Plaintiffs assert only de minimis physical injury which is insufficient to support their claims and which also requires dismissal of the claims under 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act ("PLRA"). See Docket Entry No. 331.


A. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c)(2). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing

7

party's claim.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'"  Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law.  See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999).  To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial."  Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."  Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).  If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted.  Anderson, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist

8

to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

## B. Plaintiffs Penn and Mumley

By Order entered January 13, 2010 (Docket Entry No. 351), the Court gave the plaintiffs until February 1, 2010, to file their respective responses to the motion for summary judgment, which was filed on November 30, 2009.

Plaintiff Penn has not responded in any manner to TransCor's motion for summary judgment. The docket in this action indicates that the last filing made by Plaintiff Penn was on March 14, 2009, when he filed a change of address notice. See Docket Entry No. 286. Although not specifically stated in his change of address notice, the new address provided by Plaintiff Penn suggests that he is no longer incarcerated.

Plaintiff Mumley did not file a response to the motion for summary judgment but, on January 28, 2010, filed a letter with the Court stating that he had been "separated from all his legal documents including exhibits that would stop any summary judgment," and did not have access to a law library and requesting a "six month freeze on this case or until plaintiff is reunited with his legal property." See Docket Entry No. 372.[7] On March 25, 2010, Plaintiff Mumley filed a motion for sanctions (Docket Entry No. 420), against the "State of Vermont, Attorney Generals of Vermont, DOC of Vermont, and Samartian (sic) House of Vermont" seeking sanctions against them because

---

7. Defendant TransCor filed a response opposing the issuance of a stay in the action. See Docket Entry No. 377.

9

his legal materials continued to be unavailable to him and he was unable to work on his pending legal matters.[8]

The Court finds that summary judgment should be granted to TransCor on the claims of Plaintiff Penn. Rule 56(e)(2) of the Federal Rules of Civil Procedure requires that when a motion for summary judgment is properly made and supported, the opposing party may not merely rely upon his pleadings but must respond and set out specific facts showing the existence of a genuine issue for trial. Defendant TransCor has filed an extensive motion for summary judgment contesting through affidavits and other admissible evidence the underlying facts supporting Plaintiff Penn's claims as well as the legal theories for such claims. Although the allegations made by Plaintiff Penn in his complaint were sufficient to state a claim for relief, Plaintiff Penn is obligated at this stage of the proceedings to come forward with specific evidence supporting his claims, rebutting the evidence presented by Defendant TransCor, and showing that his claims must be resolved by the trier of fact. He has not satisfied this obligation. As set out infra, the claims raised in this action require not only supporting evidence as to the underlying Eighth Amendment violation, but also evidence upon which the liability of TransCor, as a corporate entity akin to a municipality, can be established for the purported constitutional violation.

As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue, Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989), and is not entitled to a trial solely on the basis of his allegations. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). Although the Court is mindful of the difficulties faced by a pro se plaintiff, Plaintiff Penn's failure to come forward with any

---

8. By separately entered Order, the Court has denied the motion for sanctions.

modicum of evidence in support of his claims warrants that summary judgment be granted against him.

Plaintiff Mumley's situation raises a different issue. Although he has not directly responded to the motion for summary judgment, he has actively litigated his claims throughout the course of this action and he has come forward with a reasonable explanation for why he has not submitted a response in opposition, i.e., that his legal materials have been taken from him by correctional officials in Vermont and he has no access to a law library.[9]

Nonetheless, Plaintiff Mumley has shown though his letter (Docket Entry No 372) and his motion for sanctions (Docket Entry No. 420) that he retains the ability to contact the Court and to make filings regarding his claims. In this regard, he could have filed his own affidavit in support of his claims, as well as a response to Defendant Transcor's Statement of Undisputed Material Facts (Docket Entry No. 333), despite not having access to his legal materials or a law library. Both of these filings could have been based upon Plaintiff's Mumley's own personal knowledge of the facts and events in which he was involved and would not have required legal research. At a minimum, these filings would have satisfied his basic obligation to respond and at least presented the Court with a basis to measure his claims against the proof submitted by Defendant TransCor in support of its request for summary judgment.

Had Plaintiff Mumley taken those steps, the Court would have been able, in accordance with Rule 56(f), to address any specific assertions that he was unable to provide evidentiary support for

_____

9. In its response (Docket Entry No. 377) to Plaintiff Mumley's letter, TransCor argues that Plaintiff Mumley does not need additional time to respond and notes the lack of factual specificity in Plaintiff Mumley's assertion that the lack of access to his legal materials prevents him from responding. However, TransCor does not dispute either that Plaintiff Mumley has been separated from his legal materials or that he does not have access to a law library.

11

his claims in response to the motion for summary judgment. However, given Plaintiff Mumley's failure to present any evidence in support of his claims, he has placed himself in essentially the same posture as Plaintiff Penn with respect to the pending summary judgment. Accordingly, for the same reasons as summary judgment is warranted in favor of Defendant TransCor on the claims of Plaintiff Penn, summary judgment should be granted to Defendant TransCor on the claims of Plaintiff Mumley.

C. Plaintiff Neale

(1). Technical Argument Raised by TransCor

In its reply, TransCor argues that Plaintiff Neale's response to its Statement of Undisputed Material Facts and his own Statement of Undisputed Material Facts both lack proper citation to the record and contain statements that are factually unsupported, immaterial, or improper. See Docket Entry No. 408, at 2-6. In addition to asserting that Plaintiff Neale's statements fail to show that summary judgment is not warranted, Defendant TransCor requests that its own individual statements of undisputed material fact should be deemed admitted because of Plaintiff Neal's improper responses.

Defendant TransCor's request to have its individual statements deemed admitted should be denied. Plaintiff Neale is proceeding pro se and the Court is inclined to grant him some latitude in adhering to the technical requirements for responding to a summary judgment motion. This is especially so in light of the fact that he has submitted an extensive response in opposition to summary judgment, including specifically responding in detail to the Defendant's Statement of Undisputed Material Facts. The response made by Plaintiff Neale is certainly not so deficient or

12

improper that it justifies deeming Defendant TransCor's individual statements of undisputed material fact as admitted.

### (2). 42 U.S.C. § 1983

Section 1983 does not confer rights upon an individual. Instead, it is a vehicle to assert violations of constitutional rights guaranteed elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). For any Section 1983 claim, the plaintiff must allege: 1) a violation of an underlying constitutional right by; and 2) a state actor who committed the violation while acting under the color of law. Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

In the instant action, Plaintiff Neale argues that his Eighth Amendment right to be free from cruel and unusual punishment was violated and there is no dispute that Defendant TransCor is a state actor for the purposes of Section 1983. A private corporation involved in the control and custody of prison inmates, such as is the case with TransCor, performs a traditional state function and acts as a person operating under the color of state law for purposes of liability under 42 U.S.C. § 1983. Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996).

In his response in opposition, Plaintiff Neale argues that Defendant TransCor is not a governmental entity and that there is no proof showing it had legal authority to take custody of him, restrain him, or transport him. See Docket Entry No. 384, at 6-7. He further contends that, as a private entity, Defendant Transcor cannot "hide behind the Constitution," id. at 11, and appears to argue that case law regarding prison litigation under Section 1983 is not applicable because

13

TransCor is a private entity. Id. at 29. Plaintiff Neale returns to this argument in his Sur-Reply. See Docket Entry No. 425, at 5-6.

Plaintiff Neale's arguments in this regard are legally meritless and somewhat nonsensical. If Defendant TransCor were viewed as merely a private entity and not a state actor for the purposes of Section 1983, Plaintiff Neale would not be able to satisfy the acting "under color of state law" requirement for his Section 1983 claims. Because Section 1983 does not reach purely private conduct, such a scenario would render Plaintiff Neale unable to pursue any federal constitutional claims against Defendant TransCor. To the extent that Plaintiff Neale seeks to pursue a claim based upon some type of argument that TransCor did not have the legal authority to transport him, such a claim has never been asserted in the pleadings and is not a part of this action.

### (3). Eighth Amendment Violation

It is beyond dispute that the unnecessary and wanton infliction of pain upon a convicted prison inmate constitutes cruel and unusual punishment in violation of the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). In addition to governing the parameters of the punishment formally meted out to an inmate for his underlying criminal conviction, the Eighth Amendment also applies to the general treatment of an inmate during the period of his incarceration and proscribes treatment which is inconsistent with contemporary and evolving standards of decency. See Hope v. Pelzer, 536 U.S. 730, 737 n.6, 122 S.Ct. 2508153 L.Ed.2d 666 (2002) (the punishment of prison inmates for internal

14

prison offenses implicates the Eighth Amendment); Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (the risk to the personal safety of inmates caused by inmate violence implicates the Eighth Amendment); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (the use of physical force against prison inmates by prison guards implicates the Eighth Amendment); Rhodes, 452 U.S. at 346-47 (the living conditions within a prison implicate the Eighth Amendment); Estelle, 429 U.S. at 103-04 (the provision of medical care to inmates implicates the Eighth Amendment).

The allegations made in this action touch upon the Eighth Amendment in two distinct ways. Allegations about the physical conditions encountered in the TransCor transportation vans, as well as the provision of food and drink during their transport trips, fall within the category of conditions of confinement claims governed by the standards set out in Rhodes. On the other hand, allegations about the severity and manner of being restrained during the transportation trips fall within the category of the use of excessive force claims governed by Whitley and Hudson and their progeny. The distinction is important because, while the prohibition against the unnecessary and wanton infliction of pain underlies both types of claims and both types of claims have an objective and subjective component, the applicable tests used to analyze each type of claim are somewhat different. See Thaddeus-X v. Blatter, 175 F.3d 378, 400-401 (6th Cir. 1999). In addressing the issue of the differing standard to be applied to Eighth Amendment claims, the Sixth Circuit in Carlton v. Turner, 2006 WL 955886, *2 (6th Cir. April 12, 2006), described the law as follows:

> It is a "settled rule" that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (internal quotation marks and ellipses omitted). "What is necessary to establish an unnecessary and wanton infliction of pain," however, "varies according to the nature of the alleged constitutional violation," id. (internal quotation marks omitted), "for two reasons,"

15

id. at 8. "First, the general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should be applied with due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged." Id. (internal quotation marks, ellipses and brackets omitted). "Second, the Eighth Amendment's prohibition of cruel and unusual punishments draws its meaning from the evolving standards of decency that mark the progress of a maturing society, and so admits of few absolute limitations." Id. (internal quotation marks, ellipses and brackets omitted).

### (a). Conditions of Confinement Claims

Summary judgment should be granted to Defendant TransCor on all conditions of confinement claims based upon the physical conditions in the TransCor transport vans. In the context of "conditions of confinement" cases, the Eighth Amendment is concerned only with "deprivations of essential food, medical care or sanitation" or "other conditions intolerable for prison confinement." Rhodes, 452 U.S. at 348. To satisfy the objective prong for such claims, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004).

Even if the Court takes as true the allegations that the transport vans were extremely hot or cold and were dirty and noisy, that the inmates being transported were fed infrequently and had difficulty eating and drinking because of the manner of being restrained, and that the inmates being transported were given infrequent bathroom breaks,[10] these allegations simply fail to evidence the type of living conditions which are so extreme as to violate contemporary standards of decency and,

---

10. Only Plaintiff Neale and Plaintiff Mumley make allegations regarding living conditions on the transport vans. See Complaint, at ¶¶ 86-135. Plaintiff Penn's allegations concern only the manner in which he was restrained. Id. at ¶¶ 165-171. For the sake of completeness, the Court has included the allegations made by Plaintiff Mumley in addition to those made by Plaintiff Neale.

thus, the objective component of the Eighth Amendment claim has not been satisfied. There is no evidence that any of the complained about conditions caused actual harm to the transported inmates or created a substantial risk of serious harm to them. There is no evidence that the plaintiffs were totally deprived of either food or bathroom breaks.[11]

Further, the conditions in the transport vans were undisputedly temporary in nature, affecting the plaintiffs for only a day or two during their transport trips. These factors all weigh against any possible conclusion that a constitutional violation occurred. See Hutto v. Finney, 437 U.S. 678, 686-87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) ("A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Dean v. Campbell, 156 F.3d 1229, 1998 WL 466137 (6th Cir. July 30, 1998) (confinement in a cold cell for more than twenty (20) days not sufficient to show the type of extreme deprivations necessary for an Eighth Amendment conditions of confinement claim"); Stephens v. Carter County Jail, 816 F.2d 682, 1987 WL 36997 (6th Cir. April 10, 1987) ("deprivations of ... access to the toilet for a 20-hour period, while harsh, w[as] not cruel and unusual punishment.").[12]

_____

11.    Plaintiff Neale  states that he was given 4 or 5 meals during the  33 hours of his first transport trip and he makes no allegations regarding food or bathroom breaks on his second transport trip. See Complaint, at ¶¶ 96-97, and Affidavit (Docket Entry No. 388), at ¶ 13. Plaintiff Neale and Plaintiff Mumley both acknowledge that they were given opportunities to use the bathroom. See Complaint, at ¶¶ 96 and 122.

12.    Plaintiff Neale argues that Defendant TransCor acted unconstitutionally because it violated VDOC regulations regarding access to bathroom facilities. See Reply in Opposition (Docket Entry No. 384), at 31-32. However, a failure to follow internal prison policy is not, by itself, a violation of the Constitution. See Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993).

17

The Eighth Amendment is simply not violated when a prison inmate suffers merely uncomfortable or even harsh living conditions.  <u>Rhodes</u>, 452 U.S. at 347.  No reasonable jury could find in favor of the plaintiffs on any condition of confinement claims.

<u>(b). Excessive  Restraints Claim</u>

Allegations by an inmate that he suffered unnecessarily as a result of being excessively restrained fall within the scope of an  Eighth Amendment excessive force claim.  <u>See Hope</u>, <u>supra</u> (allegations of being handcuffed to a post); <u>Kennedy v. Doyle</u>, 37 Fed.Appx. 755, 756, 2002 WL 1334762 (6th Cir. June 17, 2002) (allegations of the use of prison restraints); <u>Jones Bey v. Johnson</u>, 248 Fed.Appx. 675, 677, 2007 WL 2752341 (6th Cir. Sept. 1, 2007) (allegations of excessively tight handcuffs); <u>Williams v. Vidor</u>, 17 F.3d 857, 859 (6th Cir. 1994) (allegations of being in "top-of-bed restraints" for 72 hours); <u>Caldwell v. Moore</u>, 968 F.2d 595, 599-600 (6th Cir. 1992) (allegations of being placed in a straight jacket).  <u>See also</u> <u>Burchett v. Kiefer</u>, 310 F.3d 937, 944-45 (6th Cir. 2002); <u>Kostrzewa v. City of Troy</u>, 247 F.3d 633, 641 (6th Cir. 2001); <u>Martin v. Heideman</u>, 106 F.3d 1308, 1310, 1313 (6th Cir. 1997) (claims by arrestees under the Fourth Amendment for excessively tight handcuffs).  Further, when a claim is based upon an application of force against a prison inmate by a prison official in the pursuit of a safety or security measure, whether the need for the application of force is occasioned  by a riot or by a lesser security concern, such a claim likewise falls within the scope of excessive force claims.  <u>See</u> <u>Hudson</u>, 503 U.S. at 6; <u>Lockett</u>, 526 F.3d at 875-76; and <u>Caldwell</u>, 968 F.2d at 600.  This remains the case even if the force used against the inmate does not involve physical force akin to an assault.  <u>See</u> <u>Cornwell v. Dahlberg</u>, 963 F.2d 912, 915-16 (6th Cir.

18

1992) (forcing inmate to lie face down on cold, muddy ground during the course of a security measure is an excessive force claim subject to the Whitley test).

Whenever a prison official is accused of using excessive physical force against a prison inmate in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (quoting Whitley, 475 U.S. at 320-21).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Hudson, 503 U.S. at 9.  However, given the realities of the penological setting, a good faith use of force against a prison inmate may be acceptable if the force is used in pursuit of valid penological purposes. Whitley, 475 U.S. at 320-21; Lockett v. Suardini, 526 F.3d 866, 875 (6th Cir. 2008); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986).

As with any Eighth Amendment claim, the claim by Plaintiff Neale that excessive force was used against him during his two transport trips has both an objective and a subjective component. Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993).


Objective Component

Objectively, Plaintiff Neale must show that he was subjected to an action that rises to the level of constitutional magnitude.  See Hudson v. McMillian, 503 U.S. at 9-10.  Accordingly, de minimis uses of force against a prison inmate, provided they are not the sort that are "repugnant to the conscience of mankind," do not fall within the scope of constitutional protection.  Id.; Leary v. Livingston County, 528 F.3d 438, 443 (6th Cir. 2008).  However, the objective component of an Eighth Amendment claim does not require that the plaintiff show that he suffered a significant or

19

serious injury. Hudson, 503 U.S at 9; Lockett, 526 F.3d at 875; Moore v. Holbrook, 2 F.3d 697, 701 (6th Cir. 1993); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991).

In the instant case, the Court finds that there is sufficient evidence in the record to raise a genuine issue of material fact regarding the objective component of Plaintiff Neal's claim. Plaintiff Neale attests that he was placed in significantly confining restraints during the transport trips on May 17-18, 2006, and May 25-26, 2006, that caused him to suffer extreme swelling in his hands, feet, forearms, and lower legs to the point that his hands and feet had swollen to nearly twice their normal size. He attests that both wrists were chaffed and bleeding, that he lost all feeling in his hands and feet, that his extremities were discolored, and that when the restraints were removed, he had bruising, scarring, and cuts. He contends that the pain he suffered was "beyond pain." Further, he attests that the transport officers refused to take any action to relieve the tightness or manner of the restraints despite the obvious signs of physical injury that were being caused by the restraints. In support of his allegations, Plaintiff Neale submits his own affidavit. See Docket Entry No. 388, at ¶¶ 5, 9, 17, 19, 21, and 25-26.

Defendant TransCor initially argues that summary judgment is warranted because Plaintiff Neale has not presented any evidentiary basis to support his claim that the restraints in which he was placed were significantly confining or unnecessarily tight, see Memorandum in Support (Docket Entry No. 332), at 9-10, or that he suffered any type of injury. Id. at 28. However, the affidavit of Plaintiff Neale provides a sufficient evidentiary basis to support his allegations and to rebut the affidavits of TransCor transportation officers Jack Granderson (Docket Entry No. 334) and Paul Martinez (Docket Entry No. 335), in which they attest that the restraints placed on Plaintiff were applied in a manner which did not inflict injury or harm and were regularly checked during the

20

transport trips to ensure that the restraints were not too tight or causing injury or harm.  The conflicting versions of the events at issue raises a credibility question which is not appropriately resolved in the stance of determining summary judgment and is best left to the trier of fact.[13]

TransCor further argues that Plaintiff Neale has failed to establish the existence of any injuries because he has not produced medical records to substantiate his allegations and because the medical care providers who examined him after the transport trips did not note the presence of any injuries.  See Memorandum in Support (Docket Entry No. 332), at 28.[14]  The Court is unpersuaded by this argument.  First, Plaintiff Neale's affidavit  provides an evidentiary basis sufficient to substantiate his injuries irrespective of the lack of any medical documentation of the presence of injuries.  Second, Plaintiff Neale attests that he made contemporaneous complaints about his injuries to the medical care providers at the conclusion of his transport trips, including requests that his injuries be photographed, but that the providers failed to engage in any meaningful examination of him and ignored his complaints.  See Neale Affidavit (Docket Entry No. 388), at ¶¶ 22 and 26.  Such an allegation provides a plausible reason and a sufficient evidentiary basis to explain why there were not contemporaneous medical records evidencing any injuries.  Whether Plaintiff Neale presented injuries to the medical care providers which were ignored or whether there were no injuries for them

_____

13.   In its reply, Defendant TransCor contends that Neale's affidavit does not support his statement that extradition specialists failed to monitor his restraints.  See Reply (Docket Entry No. 408), at 13. However, Plaintiff Neale specifically attests that the transport officers refused to release or relieve the tightness of his restraints despite the obvious swelling and discoloration of his extremities and despite his complaints.  See Neale Affidavit (Docket Entry No. 388), at ¶¶ 16, 19, and 25.

14.   Neither party has presented any evidence indicating that written medical notations of any type were made by the medical care providers who examined Plaintiff Neale after the transport trips.

to examine presents a genuine issue of material fact unsuitable for determination on summary judgment.[15]

Alternatively, Defendant TransCor argues that summary judgment is warranted even if Plaintiff Neale's allegations of injuries are accepted at face value. Defendant TransCor contends that Plaintiff Neale's allegations of discoloration, numbness, pain, swelling in his extremities, and bleeding, chaffing, and rawness are evidence of only discomfort and of injuries which are "merely de minimis, at best" and which are insufficient to support an Eighth Amendment claim. See Memorandum in Support (Docket Entry No. 332), at 29, and Reply (Docket Entry No. 408), at 28-29.[16]

The Court finds that this argument misses the mark with respect to the objective component of Plaintiff Neale's claim. First and foremost, this argument is contrary to the holding in Hudson that the objective component of an excessive force claim does not contain a minimum injury requirement. While a constitutional claim cannot be based upon a de minimis use of force, the extent or severity of the alleged injury presented by a prisoner is not a threshold issue in an excessive use of force case but merely a factor in the ultimate determination of whether a

---

15. Defendant TransCor argues that there is no evidence supporting Plaintiff Neale's contention that the medical care providers failed to note his injuries in an attempt to protect TransCor from liability. See Reply (Docket Entry No. 408), at 28. Assuming as true Plaintiff Neale's allegation that he was cursorily examined and his injuries were brushed aside, the motive for why the medical care providers acted in such a manner is irrelevant to the underlying question of whether he was in fact suffering from injuries at the time he was examined.

16. Defendant TransCor merges into its de minimis argument both an attack on the underlying merits of the Eighth Amendment claim and a challenge to the claim based upon the "physical injury" requirement set out in 42 U.S.C. § 1997e(e). See Memorandum in Support (Docket Entry No. 332), at 27-30. These are two entirely distinct arguments, and the Court addresses the Section 1997e(e) argument infra, at 36-37.

22

constitutional tort occurred. <u>Hudson</u>, 503 U.S. at 9; <u>Lockett</u>, 526 F.3d at 875 ("an 'absence of a serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.'") (quoting <u>Hudson</u>). The holding in <u>Hudson</u> that excessive force claims should be decided based on the nature of the force rather than on the extent of the injury suffered was recently affirmed by the United States Supreme Court in <u>Wilkins v. Gaddy</u>, __U.S.__, 130 S.Ct. 1175, __L.Ed.2d__ (2010). In <u>Wilkins</u>, the Supreme Court reversed the lower court's dismissal of a prison inmate's excessive force claim based entirely on its determination that the injuries suffered by the inmate were <u>de minimis</u>.[17]

Additionally, the presence of pain which causes unnecessary suffering is itself sufficient to show an injury warranting a constitutional remedy. <u>See Hope</u>, 536 U.S. at 737-38; <u>Boretti</u>, 930 F.2d at 1154. Further, the Court views Plaintiff Neale's allegations of injuries as more than mere complaints about being uncomfortable as intimated by Defendant TransCor. Plaintiff Neale does not allege only that he was uncomfortable. He alleges that he suffered severe swelling and discoloration of his extremities, numbness, bruising, scarring, and cuts sufficient to cause bleeding, as well as excruciating pain, and that these conditions lasted for 33 hours on his first transport trip and 26 hours on his second transport trip. The Court cannot find in the stance of ruling on a summary judgment motion that these injuries, either as a matter of law or a matter of fact, are <u>de minimis</u> for the purposes of the Eighth Amendment claim brought by Plaintiff Neale.

Finally, the Court does not find that any of the cases relied on by Defendant TransCor to support its argument on the objective component of Plaintiff Neale's claim, <u>see</u> Memorandum in Support (Docket Entry No. 332), at 27-30 and Reply (Docket Entry No. 408), at 27-29, are either

---

17. Although <u>Wilkins</u> was not decided until February 22, 2010, and thus was not available to counsel for TransCor at the time the motion for summary judgment was filed, the decision was published prior to the Reply filed by TransCor.

23

controlling on this Court or even strongly persuasive given the specific facts at issue in this action. While these cases do provide some reference to relevant case law, each of the cases is legally and/or factually distinguishable. The majority of the cited cases were decided on the basis of the physical injury requirement of 42 U.S.C. § 1997e(e) and not based on analysis of the objective component of an Eighth Amendment claim. See Jarriett v. Wilson, 162 Fed. Appx. 394, 2005 WL 3839415 (6th Cir. July 7, 2005); Adams v. Rockafellow, 66 Fed. Appx. 584, 2003 WL 21259701 (6th Cir. May 28, 2003); Corsetti v. Tessmer, 41 Fed. Appx. 753 (6th Cir. June 25, 2002); Robinson v. Corrections Corp. of America, 14 Fed. Appx. 382, 2001 WL 857204 (6th Cir. June 20, 2001); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Luong v. Hatt, 979 F. Supp. 481 (N.D. Tex. 1997). Two of the cases dealt with claims of constitutionally inadequate health care and did not involve claims of excessive force. See Harvey v. Goord, 2006 WL 3729217 (N.D. N.Y. Dec. 16, 2006); Ruiz v. Homerighouse, 2003 WL 21382896 (W.D. N.Y. Feb. 13, 2003). The remaining two cases provide no precedential value for any issue. One was merely a report and recommendation with no indication of whether the report and recommendation was adopted. See Perez v. City of New York, 2009 WL 1616374 (S.D. N.Y. June 8, 2009). The other, Hill v. O'Brien, 2009 WL 840377 (W.D. Va. Mar. 30, 2009), was recently vacated on the de minimis injury issue and remanded for further proceedings. See Hill v. O'Brien, 2010 WL 2748807 (4th Cir. July 12, 2010).

Subjective Component

The subjective component of an Eighth Amendment excessive force claim does not have a fixed meaning. Moore, 2 F.3d at 700. As the Supreme Court held in Whitley, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether

24

the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " 475 U.S. at 320-21 (quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir.), <u>cert</u>. <u>denied</u>, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)); <u>Hudson</u>, 503 U.S. at 6-7.[18]

The Supreme Court in <u>Whitley</u> held that determination of this issue requires consideration of factors such as "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." 475 U.S. at 321. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." <u>Id</u>. Other relevant factors for consideration are the extent of any threat to the safety of staff and other prisoners, "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." <u>Id</u>.

Before beginning analysis of the subjective component, some clarification is needed of what exactly is before the Court. Both parties raise arguments that cloud the already unsettled waters surrounding this case.

_____

18.    Both parties repeatedly refer to "deliberate indifference" as the standard for the subjective component of Plaintiff Neale's allegations that he was excessively restrained. This standard would have applied to any conditions of confinement claims had the Court found that such claims satisfied the objective component. However, as noted <u>supra</u> at 18-19, Plaintiff's Neale's excessive restraints claim is an excessive force claim to which the <u>Whitley</u> standard, not the deliberate indifference standard, applies. <u>See</u> <u>Thaddeus-X</u>, 175 F.3d at 400-402 (noting that different tests apply to the subjective component for conditions of confinement claims and for excessive force claims).

This case does not involve allegations by Plaintiff Neale that the restraints were placed on him in an unnecessarily or excessively tight manner at the time they were initially affixed by the TransCor employees. Nowhere in his affidavit does he make such an allegation, and, in fact, he expressly states in his Response in Opposition that the "restraints were properly applied to [him]." See Docket Entry No. 384, at 46.

This case also does not involve a claim that Transcor's use of restraints, either as a whole or just the specific use of the black box, is unconstitutional in a general sense. This Court has no jurisdiction to review hypothetical claims regarding whether use of these restraints is per se constitutional or unconstitutional, nor do Plaintiff Neale's allegations raise such claims. The only claims before this Court are those based upon the specific, factual allegations made by Plaintiff Neale, who alleges that he suffered several hours of physical pain and injury because of the manner and duration of his restraint during two transport trips. It is only upon these allegations that Plaintiff Neale's claims are before the Court, and it is these factual allegations that form the parameters of the legal analysis of Plaintiff Neale's claims. the inquiry is not whether the manner and duration of the restraints which were placed upon Plaintiff Neale was constitutionally permissible absent the context of his allegations, but whether they were constitutionally permissible given his allegations of the physical harm and pain they caused him to suffer. As the Court has addressed supra at 20-23, genuine issues of material fact exist on the issue of the extent of the injuries he suffered. In the context of resolving the summary judgment motion, the Court cannot review the Eighth Amendment claims by either ignoring Plaintiff Neale's factual allegations of pain and injury or equating these allegations as evidence of only discomfort.

The crux of the matter is thus whether TransCor's employees acted wantonly and maliciously by the manner in which Plaintiff Neale was kept in restraints during his two transport trips <u>in light of his allegations that the restraints caused him extreme pain and objectively observable physical injuries</u>.  After application of the factors noted in <u>Whitley</u> to the evidence before the Court, the Court finds that genuine issues of material fact exist which must be resolved by the trier of fact.

Turning to the <u>Whitley</u> factors, the Court finds that there is a significant and legitimate penological need for the application of force though use of restraints upon inmates being transported by TransCor.  Concerns for the safety of the public,  the transport officers, and the other inmates being transported justified the use of restraints, including the black box, upon Plaintiff Neale.  <u>See</u> <u>Moody v. Proctor</u>, 986 F.2d 239, 241 (8th Cir. 1993); <u>Fulford v. King</u>, 692 F.2d 11, 14 (5th Cir. 1982).  The Court is entirely unpersuaded by Plaintiff Neale's arguments that there is insufficient proof before the Court which justifies TransCor's use of the black box.  There is no evidence before the Court that use of the black box is, in and of itself, a wanton and malicious act.  In the absence of such evidence, the decision of what restraints should be used is a matter best left to those charged with the duty of transporting Plaintiff Neale.

With respect to the remaining <u>Whitley</u> factors -- the relationship between the need and the amount of force that was used, the extent of injury inflicted on Plaintiff Neale, the threat to the safety of staff and other prisoners as reasonably perceived by the TransCor officers on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response – the Court finds that genuine issues of material fact exist on each of these factors.  Defendant TransCor contends that secure yet necessary restraints were placed on Plaintiff Neale, that he suffered only discomfort or  <u>de</u> <u>minimis</u> injuries at best, that all inmates being transported create a significant

27

safety risk which warrants continuous restraints during the transport trips, and that the transport officers involved in Plaintiff Neale's trips periodically checked the restraints to ensure that they were not causing injury or harm. On the other hand, Plaintiff Neale presents an almost diametrically opposing set of facts. He contends that the manner in which he was restrained began to cause him to suffer physical injuries and pain shortly into the transport trips and that his injuries and pain progressively worsened during the trip. He also contends that the transport officers had actual knowledge of the situation because of his repeated verbal complaints and the clearly observable physical injuries yet they refused to take any steps to adjust the restraints in order to relieve the pain and injury the restraints were causing.

Resolution of these underlying factual disputes is necessary to determining whether an Eighth Amendment violation occurred. See Moore, 2 F.3d at 700. The jury may believe the version of facts set forth by TransCor and find that no Eighth Amendment violation occurred because the measure of force applied to Plaintiff Neale was justified by the penological need for safety and security during the two transport trips and that the force applied, while causing him discomfort, was not excessive and wanton and thus did not rise to the level of a constitutional violation. However, the jury may find truth in the allegations made by Plaintiff Neale. If so, the jury could reasonably determine that the measure of force which Plaintiff Neale was made to endure during the two transport trips at some point exceeded the penological need for security during the transport trips and that the TransCor transport employees purposefully took no steps to temper the severity of the force applied to Plaintiff Neale despite the obvious need for such steps to be taken, causing him to suffer unnecessarily. Such findings would be a sufficient basis for the jury to determine that the actions of the TransCor employees evinced such wantonness with respect to the unjustified infliction

28

of harm on Plaintiff Neale that was tantamount to a knowing willingness that it occur. See Whitley, 475 U.S. at 321; Williams v. Benhamin, 77 F.3d 756, 764-65 (4th Cir. 1996).[19]

The Court has reviewed the several cases relied on by Defendant TransCor to support its argument that its use of restraints on Plaintiff Neale was not a violation of his constitutional rights. See Memorandum in Support (Docket Entry No. 332), at 12-13, 14-17 and Reply (Docket Entry No. 408), at 11-12. Although the cases are certainly relevant to the issues at hand, none of the cases require rendering summary judgment in favor of Defendant TransCor given the specific facts at issue in this action and the genuine questions of material fact which must be resolved by the trier of fact as noted supra. The majority of the cited cases were dismissed based upon a determination that the plaintiffs failed to set forth sufficient factual evidence to support their constitutional claims. See Barker v. Fugazzi, 18 Fed. Appx. 663, 2001 WL 1085058 (9th Cir. Sept. 17, 2001); Bond v. Akiss, 1994 WL 532920, 37 F.3d 1498 (6th Cir. Sept. 20, 1994); Moody v. Proctor, 986 F.2d 239, 241 (8th Cir. 1993); Miller v. Glanz, 948 F.2d 1562 (10th Cir. 1991); Peoples v. Davis, 2009 WL 349171 (D.S.C. Feb. 10, 2009); Dominguez v. Moore, 2007 WL 1848471 (E.D. Tex. June 25, 2007); Jensen v. Jorgenson, 2005 WL 2412379 (D.S.D. Sept. 29, 2005); Weber v. Gathers, 2006 WL 2796374 (D.S.D. Sept. 29, 2005). These cases are thus distinguishable because Plaintiff Neale has set forth evidence which could be viewed by the trier of fact as sufficient to support his Eighth Amendment excessive force claim. Several of the other cited cases either are based on materially different

---

19. Defendant TransCor's arguments for summary judgment on the subjective component are based entirely upon its own supporting version of the facts. At no point does TransCor argue that, assuming all of the facts alleged by Plaintiff Neale are true, a constitutional violation nonetheless did not occur. Defendant TransCor's Memorandum in Support may be read to briefly visit this argument, see Docket Entry No. 332, at 16-17, but the Court does not view this single paragraph in an otherwise lengthy supporting memorandum as adequately setting forth or supporting such an argument.

Case 3:08-cv-00295   Document 429   Filed 09/09/10   Page 29 of 39 PageID #: 3883

factual or legal scenarios, see Selby v. Martin, 84 Fed. Appx. 496, 2003 WL 22976525 (6th Cir. Dec. 2, 2003); Knox v. McGinnis, 988 F.2d 1405 (7th Cir. 1993); Fulford v. King, 692 F.2d 11 (5th Cir. 1982); Merryfield v. Schearret, 2008 WL 4427656 (D. Kan. Sept. 25, 2008); Waller v. TransCor America, LLC, 2007 WL 3023827 (M.D. Tenn. 2007) (Haynes, J.), or are of little comparative use because the decision provides minimal factual or legal analysis. See Lewis v. Johnson, 87 Fed.Appx. 378 (5th Cir. Feb. 17, 2004). Finally, several of the cited cases were dismissed upon review under 28 U.S.C. § 1915, and the Court finds that those cases are of no precedential value and are limited to the facts in those actions. See Moore v. Miller, 2009 WL 113258 (W.D. Va. Jan. 15, 2009); Juliano v. Camden County Dep't of Corr., 2006 WL 1210845 (D. N.J. May 3, 2006); Treece v. Andrews, 2005 WL 5444344 (W.D. La. Mar. 2, 2005); Ashby v. Willis, 2004 WL 1161465 (N.D. Tex. May 25, 2004); Morissette v. Godinez, 1994 WL 30965 (N.D. Ill. Feb. 1, 1994).


D.  Liability of TransCor

Because the only defendant in the action is TransCor, the Court's determination that genuine issues of material fact exist on Plaintiff Neale's Eighth Amendment claim does not end the matter. Plaintiff Neale must still show that Defendant TransCor was responsible for the alleged wrongdoings and that TransCor can be found liable under 42 U.S.C. § 1983. See Cash v. Hamilton County Dep't. of Adult Prob., 388 F.3d 539, 542 (6th Cir. 2004). Liability under Section 1983 cannot be based upon respondeat superior or vicarious liability, and Defendant TransCor cannot be deemed liable based solely upon the conduct of its employees. Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122, 112 S.Ct. 1061, 1067 (1992); Cash, 388 F.3d at 542.

TransCor's liability under Section 1983 is akin to the liability of a municipality under Section 1983.  See Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943 (10th Cir. Dec. 20, 2005); Thomas v. Coble, 55 Fed.Appx. 748, 2003 WL 343240 (6th Cir. Feb. 11, 2003); Johnson v. Corrections Corp. of Am., 26 Fed.Appx. 386, 2001 WL 1298982 (6th Cir. Aug. 8, 2001).  In Monell v. Department of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court held that a municipality can be found liable under Section 1983 only when a policy of the municipality itself causes the constitutional violation at issue.  The Supreme Court found that, "[i]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.  The governmental entity must be the "moving force" behind the violation of the constitutional rights at issue.  City of Canton v. Harris,  489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting Monell, 436 U.S. at 694).

Accordingly, TransCor cannot be held liable merely because its transportation officers may have acted in violation of Plaintiff Neale's constitutional rights.  Street, 102 F.3d at 817-18; Taylor v. Michigan Dep't of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995).  Plaintiff Neale must prove his constitutional injury was caused by an action taken pursuant to an official policy or a custom of TransCor.  See Board of County Comm'rs v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); Monell, supra; Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005); Taylor, 69 F.3d at 80-81.

Plaintiff Neale appears to raise three arguments in support of his contention that Defendant TransCor is liable under Section 1983.  He argues that TransCor can be deemed liable under the theory of "supervisory liability."  See Response in Opposition (Docket Entry No. 384), at 33-43.

This argument appears to be made in response to Defendant TransCor's assertion that it cannot be liable under the theory of respondeat superior. Although supervisory liability can support Section 1983 liability against an individual for a constitutional tort committed by another person who is under the individual's supervision, the test for supervisory liability is applicable only to individuals, not to entities, and establishing liability against governmental entities or private entities who are state actors under Section 1983 must proceed via the well-established municipal liability standards set out in Monell and its progeny. See Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246-47 (6th Cir. 1990).

Plaintiff Neale also contends that Defendant TransCor is liable because it failed to adequately train its transportation officers. Although Plaintiff Neale does set forth some argument regarding the theory of inadequate training of transport officers on the part of TransCor, see Response in Opposition (Docket Entry No. 384), at 33-34 and 40-41, the Court finds that Plaintiff Neale simply fails to set forth sufficient evidence in support of such a theory. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Russo v. City of Cincinnati, 953 F.2d 1036, 1046 (6th Cir.1992). Plaintiff Neale merely points out what he contends are inadequacies in a few of TransCor's written policies. However, he fails to offer any other type of evidence supporting a theory of inadequate training or rebutting Defendant TransCor's evidence[20] of the training provided to its transport officers. As the plaintiff bringing the action, it is Plaintiff Neale's burden to show through admissible evidence that TransCor's training program was not only inadequate, but was also constitutionally inadequate. Plaintiff Neale has simply failed to satisfy this burden.

_____

20.  See Affidavit of Elceria Smith (Docket Entry No. 336), at ¶¶ 4-8.

Case 3:08-cv-00295   Document 429   Filed 09/09/10   Page 32 of 39 PageID #: 3886

Plaintiff Neale's final argument is that Defendant TransCor was the moving force behind the alleged constitutional violations because TransCor had a policy of violating the civil rights of the prisoners it was transporting by the manner of restraining them. There are essentially two avenues of proving such a claim. Plaintiff Neale can show that TransCor had an officially enacted policy which caused the purported constitutional violations or, alternatively, he can show that the purported constitutional violation was caused by a custom which, though not an official policy, is so widespread that it amounts to a de facto policy. Ford v. County of Grand Traverse, 535 F.3d 483, 495-6 (6th Cir. 2008).

Plaintiff Neale has not shown the existence of any official written policy which can be said to be the moving force behind the alleged constitutional violations. Indeed, it would be remarkable if TransCor had an official written policy requiring that its transport officers engage in the conduct about which Plaintiff Neale complains. In fact, the evidence before the Court shows that TransCor's written policy on the use of restraint equipment, Policy 4-2 - Use of Force, in effect in 2006 required that restrained inmates be checked periodically and at specific times during transport to ensure that the restraints have not caused any injury. See Second Affidavit of Elceria Smith (Docket Entry No. 409), at Exhibit F (Docket Entry No. 409-6).[21]

The fact that Plaintiff Neale cannot point to an official, written policy supporting his claim or that the limited TransCor written policies in existence are not themselves unconstitutional does not end the matter. See Berry v. City of Detroit, 25 F.3d 1342, 1346 (6th Cir. 1994) (citing City of

---

21. Ms. Smith also attaches to her affidavit an exhibit entitled "Use of Restraints" see Exhibit H (Docket Entry No. 409-8), which she contends is a TransCor power point. See Second Affidavit of Smith (Docket Entry No. 409), at ¶ 10. There is no indication in Ms. Smith affidavit when this powerpoint was developed or when it began to be used by TransCor.

33

Canton, 489 U.S. at 387). Municipal liability can be based upon acts "performed pursuant to a 'custom' that has not been formally approved by an appropriate decision maker" if the "relevant practice is so widespread as to have the force of law." Board of County Com'rs of Bryan County, Okl., v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell 436 U.S. at 690-91; Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168, 90 S.Ct. 1598, 1613-1614, 26 L.Ed.2d 142(1970)).

The Sixth Circuit has articulated the requirements for a municipal liability claim based on the theory that the defendant had a custom of tolerating federal rights violations that was unwritten but nevertheless entrenched through actual practice. Under such a theory, Plaintiff Neale must show:

> (1) the existence of a clear and persistent pattern of the alleged unconstitutional conduct;

> (2) notice or constructive notice on the part of the defendant;

> (3) the defendant's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official policy of inaction; and

> (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation.

Doe v. Claiborne County, 103 F.3d 495, 508 (6th Cir. 1996); Thomas, 398 F.3d at 429.

Plaintiff Neale argues that TransCor had a custom of placing and leaving inmates in restraints in such a manner that the restraints caused inmates to suffer unnecessary pain and physical injury which were obvious and apparent and for which no relief was offered by the transport officers. In support of his argument, he points to the genuine issue of material fact which exist surrounding his own transport trips, to questions about the veracity of TransCor's assertion of how

34

transport officers were supposed to monitor inmates restraints on the transport trips, and to evidence from other inmates transported by TransCor who attest that they were transported in essentially the same manner as Plaintiff Neale.

The evidence presented by Plaintiff Neale in support of his argument is certainly not overwhelming. However, Plaintiff Neale is not required to win his case in opposing summary judgment. He is merely required to set forth sufficient evidence raising a genuine issue of material fact on the issue. The Court finds that he has satisfied this burden. His claim of liability on the part of TransCor is not based upon merely unsupported or conclusory allegations. Nor is it based upon only the acts alleged to have violated his own constitutional rights or scattered and disjointed allegations of other misconduct on the part of TransCor.

Plaintiff Neale has filed affidavits from four other prison inmates who attest that they were transported on several different occasions in essentially the same manner as Plaintiff Neale over the course of several years of transport trips. See Docket Entry Nos. 389-392. These affiants further contend that they encountered the same reluctance of any transport or prison officials to document their injuries or complaints. Although Defendant TransCor discounts these affidavits, the Court finds that they are sufficient to support Plaintiff Neale's argument. This is especially so given the specific and narrow nature of the factual allegations at issue in this case and the similarity between the acts alleged by Plaintiff Neale and the acts attested to by the affiants. In this respect, Plaintiff Neale's proof differs significantly from that of a plaintiff who merely alleges other wrongdoing by a defendant as an example of a pattern of misconduct. Plaintiff Neale has not attempted to prove a custom of excessive force by merely presenting evidence of other prisoner complaints made

35

against TransCor.[22]  The Court finds that Plaintiff Neale has raised sufficient factual issues concerning the actions of TransCor to warrant submitting to the jury the question of whether TransCor had a custom of transporting inmates in the manner alleged by Plaintiff Neale and whether any such custom was the moving force behind his allegations of a constitutional violation.


E. 42 U.S.C. § 1997e(e)

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Sixth Circuit Court of Appeals has held that, even though the physical injury required by Section 1997e(e) for a § 1983 claim need not be significant, it must be more than de minimis for an Eighth Amendment claim to go forward.  Flanory v. Bonn , 604 F.3d 249, 254 (6th Cir. 2010).

In the instant action, the Court has found that genuine questions of material fact exist regarding the alleged injuries suffered by Plaintiff Neale.  Assuming the veracity of his allegations, as the Court must do at this stage, he has asserted facts showing that he suffered more than a de minimis injury for the purposes of Section 1997e(e).  Accordingly, Defendant TransCor's request for summary judgment on this ground lacks merit.

Further, Plaintiff Neale has not merely requested damages for emotional or mental injury. He has requested compensatory damages for his actual physical injuries, punitive damages, and

---

22.  The Court notes that class certification was recently granted in Schilling v. TransCor America, LLC, 2010 WL 583972 (N.D. Cal. Feb. 16, 2010), to a class and subclass of  pretrial detainees and prisoners who were transported by TransCor its agents and/or employees between February 14, 2006 and the present.  The claims in the case involve allegations of Eighth Amendment violations during  transport trips.

injunctive relief.  Section 1997e(e) does not prevent recovery of these remedies.  See Miller v. Bock, 55 Fed. Appx. 310, 2003 WL 202173 (6th Cir. Jan 28, 2003);  Middlebrook v. Tennessee, 2008 WL 2002521 (W.D. Tenn. May 6, 2008) (collecting cases from other circuits).


F. State Law Claims

Plaintiff Neale clearly set out in the introductory passages of the initial complaint that he was seeking relief under the Vermont Constitution and Vermont statutory and common law, in addition to his claims for relief under Section 1983 for violations of his federal constitutional rights.  See Complaint (Docket Entry No. 11), at ¶¶ 2 and 5.  However, at no other point in the 22 page Complaint are claims under state law mentioned, and the specific causes of action and requests for relief set out in the Complaint reference only claims based upon alleged violations of Plaintiff Neale's  federal, constitutional rights.  See Docket Entry No. 11-1, at 17-18, ¶ 178, and 18-20.

Defendant TransCor notes this contradiction in its Memorandum in Support and argues that the state law claims are not components of the lawsuit.  Alternatively, Transcor asserts that: 1) the claims lack factual merit; and 2) even if factual merit existed for the claims, the Court should decline to exercise supplemental jurisdiction over the claims under 42 U.S.C. § 1367(c)(3).

Initially, the Court notes that Defendant TransCor's supplemental jurisdiction argument is of questionable merit given that Plaintiff Neale also asserts diversity jurisdiction in the Complaint.  See Docket Entry No. 11, at ¶ 4.  To the extent that Defendant TransCor contends that these claims lack factual merit, the Court would be reluctant to dismiss these claims on that basis given the factual disputes in this action and without more in depth briefing on the legal merits of the purported state law claims.

This leaves remaining only the contention that the state law claims have not actually been pursued by Plaintiff Neale in this action. After review of the Response in Opposition submitted by Plaintiff Neale, the Court agrees that the only claims remaining at issue in this action are Plaintiff Neale's Section 1983 claims. Despite the fact that Defendant TransCor specifically raised the issue of the state law claims and requested their dismissal, Plaintiff Neale offers virtually no rebuttal to Defendant TransCor on this issue. In fact, Plaintiff Neale fails to argue or even clearly set out the nature of his state law claims in his Response in Opposition. See Response in Opposition (Docket Entry No. 384), at 50-52. Accordingly, the Court finds that summary judgment should be granted on the state law claims.

## R E C O M M E N D A T I O N

For the foregoing reasons, the Court respectfully RECOMMENDS that:

1) the Motion for Summary Judgment of Defendant TransCor America, LLC (Docket Entry No. 331), be GRANTED in part and that summary judgment be GRANTED to Defendant TransCor on the claims of Plaintiffs Gregory Penn and Mark Mumley, be GRANTED to Defendant TransCor on all Eighth Amendment conditions of confinement claims, and be GRANTED to Defendant TransCor on all state law claims;

2) the Motion for Summary Judgment of Defendant TransCor America, LLC (Docket Entry No. 331), be DENIED in part and that summary judgment be DENIED to Defendant TransCor on Plaintiff Robert Neale's Eighth Amendment excessive force claim and that this claim be set for a trial by jury; and

3) the Motion to Dismiss of Plaintiff Michael Myers (Docket Entry No. 406) be GRANTED and the claims of Plaintiff Myers be DISMISSED from the action WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge

Case 3:08-cv-00295   Document 429   Filed 09/09/10   Page 39 of 39 PageID #: 3893