IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL MYERS, ROBERT G. NEALE )
MARK B. MUMLEY, and GREGORY PENN )
)
    v. ) NO. 3:08-0295
)
TRANSCOR AMERICA, LLC, )

TO:    Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered April 3, 2008 (Docket Entry No. 131), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

This action was filed in the United States District Court for the District of Vermont ("District of Vermont") on June 5, 2007, as a pro se and in forma pauperis action by four plaintiffs who were prisoners of the Vermont Department of Corrections ("VDOC").[1] Each plaintiff had been transported to and between prison facilities in other states between 2003 and 2006 by TransCor America, LLC ("TransCor"), a private prison transportation company. The plaintiffs asserted claims under 42 U.S.C. § 1983 and under state law alleging that they were mistreated and suffered inhumane conditions during their transportation. Specifically, they allege that they were kept in

---

[1] By Order entered February 28, 2008 (Docket Entry No. 120), the District of Vermont transferred the action to this District pursuant to 18 U.S.C. § 1406. See also Report and Recommendation entered January 24, 2008 (Docket Entry No. 117).

immobilizing restraints for long periods of time which caused them to suffer pain, swelling, numbness, bleeding, and discoloration in their extremities, and that the transport officers refused to adjust or loosen the restraints. They also assert that they were required to remain seated for long periods of time, were given infrequent restroom breaks and meals, and that the conditions in the transport vans were too hot or too cold, noisy, and unclean.

As the result of pretrial activity in this District, all claims in the action have been dismissed except for claims brought under 42 U.S.C. § 1983 by Plaintiff Robert G. Neale that the Defendant violated his Eighth Amendment rights to be free from the use of excessive force. See Memorandum and Order entered September 30, 2010 (Docket Entry Nos. 441-442). These claims survived the summary judgment motion brought by the Defendant after the Court found that genuine issues of material fact existed on the claims that must be resolved at trial. Id.

On April 28, 2010, Plaintiff Neale filed a motion for a temporary restraining order and preliminary injunction (Docket Entry No. 424), which remains pending before the Court. At the time the motion was filed, he was being held at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee, but asserted that he expected to be transferred back to Vermont during the month of May 2010, for his release. He contended that TransCor would subject him to the same conditions during his return transport trip as he alleges occurred when he was transported from Vermont in 2006 and which are at issue in this action.[2]

The record in the action indicates that, as of May 24, 2010, Plaintiff Neale remained at the WTDF. See Reply to TransCor's Response in Opposition (Docket Entry No. 428). However, copies

---

[2] Defendant TransCor filed a response in opposition to the motion (Docket Entry No. 427), to which Defendant Neale filed a reply (Docket Entry No. 428). For the purposes of this Report and Recommendation, the arguments made in these two filings are irrelevant.

of Court mail sent to Plaintiff Neale at the WTDF on September 10, 2010, see Docket Entry Nos. 433 and 435, and October 1, 2010, see Docket Entry Nos. 446 and 447, were returned to the Court as undeliverable with the notations "moved left no address" and "return to sender." Although Plaintiff Neale has not filed a change of address notice with the Court, the returned mail suggests to the Court that Plaintiff Neale is no longer incarcerated at the WTDF.

Given these facts, it fully appears to the Court that Plaintiff Neale's need for a temporary restraining order and preliminary injunction prohibiting TransCor from transporting him from the WTDF has become moot. Accordingly, given that preliminary injunctive relief is considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion, Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972), the motion should be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge