IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL MYERS, ROBERT G. NEALE,     )
MARK B. MUMLEY, and GREGORY PENN    )
                                     )
    v.                               )     NO. 3:08-0295
                                     )
TRANSCOR AMERICA, LLC                )

TO:     Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

All claims in this case have been dismissed except for claims brought under 42 U.S.C. § 1983 by plaintiff Robert G. Neale that defendant Transcor America, LLC violated his Eighth Amendment right to be free from the use of excessive force.

Copies of orders mailed by the Clerk on September 10, 2010, and October 1, 2010, to plaintiff Neale at his last known address at the West Tennessee Detention Facility ("WTDF") were returned with notations "moved left no address" and "return to sender," suggesting that the plaintiff is no longer incarcerated at the WTDF. See Docket Entry Nos. 433, 435, 446, and 447. However, the plaintiff has not filed a notice of change of address.

Plaintiff Neale was clearly aware of his obligation to provide the Court with a notice of change of address. By order entered August 7, 2009 (Docket Entry No. 293), the plaintiffs were cautioned that failure to keep the Court informed of their current addresses could result in a recommendation that the case be dismissed. Plaintiff Neale, in fact, filed a notice of change of address on August 3, 2009 (Docket Entry No. 289), when he was transferred to the WTDF.

Despite mail to plaintiff Neale having been returned as undeliverable, by order entered January 11, 2011 (Docket Entry No. 453), he was provided an additional opportunity to advise the Court of his current address and whether he intends to continue to prosecute this action. In that order, plaintiff Neale was given until January 26, 2011, to file a notice of his current address and a notice indicating whether or not he intends to continue to prosecute this case, and he was again

warned that his failure to provide such notice by January 26, 2011, was likely to result in the dismissal of this case for failure to prosecute and failure to comply with that order.

By the January 11, 2011, order, the Clerk was directed to mail a copy of the order to plaintiff Neale at the address currently listed on the docket, with instructions to the WTDF that, if plaintiff Neale were no longer incarcerated at the WTDF, the mail should be forwarded to the institution to which he was transferred or, if he were released from incarceration, to any address he may have provided to WTDF upon his release.

The January 11, 2011, order has been returned as undeliverable, with the notations "moved left no address" and "unable to forward." See Docket Entry Nos. 455 and 456.

Plaintiff Neale has failed to comply with the orders entered August 7, 2009 (Docket Entry No. 293), and January 11, 2011 (Docket Entry No. 453), since he has failed to notify the Court of his current address. It is clear that plaintiff Neale has lost interest in prosecuting this case. Although clearly aware of his obligation to keep the Court informed of his current address, he has failed to do so and has made no filings or otherwise communicated with the Court since May of 2010.

All pretrial activity has been concluded and all that remains is to schedule the case for trial. The Court and the defendant should not be put to the task of scheduling a trial in this case when plaintiff Neale has clearly lost interest in the case and, based on the record in the case, will not appear at any scheduled trial.

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . .
> (C)  fails to obey a scheduling or other pretrial order.

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).

Finally, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

**RECOMMENDATION**

For the reasons provided above, it is recommended that the claims brought by plaintiff Robert G. Neale be dismissed with prejudice.[1]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Dismissal of the claims of Plaintiff Neale will dismiss the case in its entirety.